CASES 8, 9—PETITIONS EQUITY—MARCH 13.

# Bell v. Farmers' Bank of Kentucky, &c.
# Bell v. Hays.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. DEED MUST BE ACCEPTED BY THE GRANTEE.—It is essential to the validity of a deed, if not actually delivered to the grantee or his agent authorized to receive it, to prove notice to him of its existence, and such additional circumstances as will afford a reasonable presumption of his acceptance of it.

The presumption that a party will accept a deed because it is beneficial to him will never be carried so far as to consider him as

having accepted it. (Thompson's heirs, &c. v. Jackson, &c., 10 Bush, 424.)

2. A DEED DELIVERED TO THE REGISTERING OFFICER OR TO AN UNAUTHORIZED THIRD PERSON, and subsequently accepted by the grantee, will take effect, as between the grantor and grantee, from the time of the first delivery; but not so as to persons who have acquired title to an interest in, or a lien upon the property, before the date of the actual acceptance, when in such case it takes effect.

3. PRESUMPTION OF DELIVERY IS NOT CONCLUSIVE FROM ACKNOWLEDGMENT.—Under section 11, chapter 24 of the Revised Statutes a mortgage could not become valid and effectual until acknowledged or proved and lodged for record; but there is nothing in the section from which it can be inferred that the legislature intended to dispense with the necessity of a delivery. The fact of acknowledgment and proof does not raise a conclusive presumption of delivery.

JOHN B. COCHRAN, . . . . . . . . . For Appellant,

CITED

Rev. Stat., chap. 63, sec. 16, art 4.
Same, chap. 24, sec. 11.
Code, sec. 108.       Smith on Contracts, 9.
2 Ben. Mon. 206, Caufman v. Sayre.
1 Ben. Mon. 308, 309, Gates v. Jacob.
1 Dana, 276, Fenwick v. Macey.
8 Ben. Mon. 42, Theobald v. Hare.
3 Humph. Tenn. 464.       10 Ben. Mon. 180, 199.
8 Dowling & Ryland, 348, 364.
2 Bibb, 38, Chinoweth v. Williamson.
4 Kent, 133.             3 Esp. 81.
7 Payne, 465.            2 W. & M. 371.
2 Hilliard, 169.         4 Day, 66.
2 S. & M. Miss. 687.     4 Bush, 438, 538.
1 Johnson C. R. 240.     19 Pickens, 535.
11 Ben. Mon. 102, Kennard v. Adams.

BARR, GOODLOE & HUMPHREY,⎫
A. J. JAMES, . . . . . . . .⎬ . . For Farmers' Bank,

MUIR, BIJUR & DAVIE,⎫
A. G. BOOTH, . . . ⎬ . . For Hays, Barbour & Hiatt,
BODLEY & SIMRALL, . ⎭

L. N. DEMBITZ,⎫
BYRON BACON, ⎭ . . . . . . . For Osborn and wife,

GEO. WEISSINGER, . . . . . . . . . . . For Hays,

CITED

Revised Statutes, 1 Stanton, 256; 2 Stanton,
126, 127, chap. 63, art 3, secs. 1, 2.
Civil Code, secs. 145, 479, 875.
Story's Equity Pleadings, secs. 351, 507, 751.
Angell on Limitations, sec. 92.
1 Duvall, 206, Parsons v. Meyburg.
1 Littell, 302, Scott v. McMillen.
6 Bush, 440, Yeates v. Weeden.
4 Bush, 538, Vandiver, &c. v. Hodge, adm'r.
8 Bush, 665, Hobson v. Hobson's ex'r.
2 Har. 504, Pennel v. Weyant.
8 Watts, 9, Hannah v. Swarner.
8 Met. (Mass.) 45, Parker v. Hill.
4 Kent's Commentaries, p. 454.
1 Johns. Ch'y, 297, Frost v. Beckman.
5 Vermont, 387, Denton v. Perry.
4 Gilm. 190, Hulick v. Scovil.
1 Russell & Mylne, 437.          2 Wend. 94.
7 Blackford, 439, Goodsell v. Stinson.
1 Den. 325, Elsey v. Metcalfe.
7 Wend. 308, Jackson v. Perkins.
5 McLean, 457, Bulkley v. Buffington.
3 Wall. 636, Younge v. Guilbeau.
6 Cowen, 617, Jackson v. Richards.
3 Met. (Mass.) 275, Samson v. Thornton.
7 Wend. 94, Jackson v. Sacket.
1 Mar. 421, Wilcoxen et al. v. Rix.
1 J. J. Mar. 408, Ingraham v. Arnold.
3 Dana, 482, Wenzell v. Breckinridge.
5 Dana, 324, Atcherson's adm'r v. Tolbot.
2 B. Mon. 206, Caufman v. Sayre.
4 Met. (Ky.) 195, Willis v. Vallette.
2 Jacob & W. 234, Christopher v. Sparke.
5 I. R. 545, Giles v. Barremore.
Ibid. 283, Waterman v. Haskins.
3 I. R. 383, Jackson v. Meyers.
2 Car. S. R. 614, Baker v. Evans.
9 Wheat. 497, Hughes v. Edwards.
1 I. Ch. R. 385, Moore v. Cabble.
19 Perkins, 535, Thayer v. Man.
28 Ill. 44, Harrison v. Mills.

41 Ill. 521, Pollock v. Munson.

12 Texas, 432, Duty v. Graham.

23 Texas, 561, Perkins v. Stearn.

19 Iowa, 244, Newman v. De Lovemer.

18 Cal. 490, Lord v. Morris.

13 Pick. 76, Powers v. Russell.

12 Mass. 461, Harrison v. Trustees, &c.

20 Johns. 187, Jackson v. Bodle.

58 Ill. 310, Kingsbury v. Burnside.

25 Vesey, 498.                            9 D. &. R. 40.

11 B. Mon. 312, Lytle's ex'r v. Pope's adm'r.

11 Wheaton, 86, Brooks v. Marbury.

45 New Hampshire, 510, Johnson v. Farley.

12 Johns. 418, Jackson v. Phipps.

11 Paige, 564, Wickoff v. Remsea.

10 B. Mon. 180, Ford, &c. v. Gregory's heirs.

10 Mass. 456, Maynard v. Maynard.

12 Pick. 144, Hedge et al. v. Drew.

13 B. Mon. 476, Bayse v. Briscoe.

12 I. R. 242, Jackson v. Wood.

11 B. Mon. 102, Kennard v. Adams.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Bell resided in the city of New York at the time the mortgage purports to have been delivered and acknowledged.

In answer to the question as to when he was first informed of its execution, he says, "After I returned from New York late in the fall of 1866 I got the impression from my attorney that there was a mortgage on a plantation to secure my Thompson claims, which I took to be a southern plantation, and regarded it as having only a prospective value, if any, and, being about half the time from home, paid no attention to any of these claims, and first learned about a year ago (Oct. 2, 1871) that the mortgage was on a farm in Jefferson County, Kentucky."

The mortgage was not delivered to Bell in person at or before the time it was acknowledged and put to record. In disclosing this fact he does not intimate that it was delivered to his attorney. We can not assume that the attorney would

have delayed from May, 1863, until late in 1866 to inform his principal of his action if he had accepted the mortgage or been in any way connected with its execution and registry; nor can we assume that he would have been so utterly ignorant as to the character and amounts of his client's claims as the draftsman of the instrument evidently was.

The acceptance of the co-mortgagees avails nothing in Bell's favor under the circumstances of this case. Their interests were antagonistic to his, and the presumption is that they accepted for themselves. It is true, in the absence of proof to the contrary, we might presume that their acceptance was for the benefit of all the grantees; but the question still remains as to how far this unauthorized acceptance will inure to the benefit of Bell, who had no knowledge of the fact, and who did not become acquainted with the provisions of the mortgage until long after the attachment liens under which these appellees' claim had attached to the mortgaged property.

The legal presumption arising from the acknowledgment and registry of a deed, and the necessity for its delivery, were considered and determined by this court in the recent case of Thompson's heirs, &c. v. Jackson, &c. (10 Bush, 424). The court said that under the circumstances of that case "to hold that the title passed from Thompson to Robards before the judgment lien of the commonwealth attached would be to decide that a party can become the purchaser of land without his knowledge or assent, and that the acceptance of a deed of conveyance is not necessary for the transmission of the title from the grantor to the grantee. . . . In Washburn on Real Property, vol. 2, side-page 581, the author says, 'That the better opinion seems to be that no deed can take effect as having been delivered until such act of delivery has been assented to by the grantee, *and he shall have done something equivalent to an acceptance of it.*'"

After referring to cases bearing upon the doctrine of presumptive acceptance the court continued: "But in neither of these cases is it intimated that the acceptance is not essential, nor that the presumption arising from the delivery indicated (*i. e.,* to the registering officer or to a third party) is in general conclusive of the question of acceptance."

In the case of Tuttle v. Turner (28 Texas) the court held that "it is essential to the operation and validity of a deed, if not actually delivered to the grantee or his agent authorized to receive it, *to prove notice to him of its existence and such additional circumstances as will afford a reasonable presumption of his acceptance of it,*" and that " the presumption that a party will accept a deed because it is beneficial to him, it is said, will never be carried so far as to consider him as having accepted it."   Kent says, "Delivery is another incident essential to the due execution of a deed, for it takes effect only from delivery."

A deed delivered to the registering officer or to an unauthorized third person, and subsequently accepted by the grantee, will take effect as between the grantor and the grantee from the time of the first delivery; and in such cases volunteers claiming under and through the grantor and ordinary creditors who have acquired no lien upon nor interest in the estate conveyed are entitled to no greater consideration than the grantor.   Yet, until the grantee is informed of the execution of the deed and does some act equivalent to an acceptance of it, it is manifest that he may refuse to accept it, notwithstanding the fact that by a fiction of law the presumption of an actual acceptance had all the while existed for his benefit as against the grantor, his heirs, devisees, and ordinary creditors.   But this fiction will not be allowed to prevail to the prejudice of persons who have acquired title to, an interest in, or a lien upon the property before the date of the actual acceptance.   As in the case of an escrow, whenever it

becomes necessary for the purposes of justice that the true time of the acceptance of a deed so delivered shall be ascertained the legal fiction will be disregarded, and the intervening claimant or lien-holder allowed to show the actual facts of the transaction. (Goodsell v. Stinson, 7 Blackford, Ind., 439.)

In the case of Kennard v. Adams (11 B. Mon. 102) the controversy arose between an attaching creditor and a mortgagee who had not been apprised of the execution and registry of the mortgage until after the attachment had been levied. If the attachment had been sustained, and the relative rights of the attaching creditor and the mortgagee adjudicated, it would have been a case in point; but the attachment was discharged, and the mortgaged property thereby freed from the lien, and the doctrine of presumed acceptance then applied in favor of the mortgagee.

In this case the attachments were sustained, and the attaching creditors are insisting that the legal fiction shall not be so applied as to subordinate their liens to that of Bell, they having attached long before the time he accepted or could have accepted the mortgage under which he is now proceeding.

To adjudge his lien superior to those of the attaching creditors would be not only to prefer the inattentive and negligent to the vigilant and active, but to allow a presumption of law, which is not conclusive and which is open to be rebutted by proof, " for the purposes of justice," to override the testimony of the party who is claiming the benefit of that presumption.

We have carefully examined the cases relied on by appellant. In the case of Garnoses v. Knight (8 Dowl. and Ryland, 348) the right of an intervening claimant as against a party claiming under a presumptive acceptance of a mortgage is not made a question; and it appears that the second mortgage was to secure the payment of a debt or claim created under circumstances of a character so suspicious as not to entitle the

mortgagee to attack the first mortgage as void under the statutes of Elizabeth.

The case of Belden v. Carter (4 Day, 66) was a controversy between the heirs at law of the grantor and the grantee in his deed; and in Somerby v. Arden the grantor sought to avoid his own deed upon the ground that it had not been delivered to the grantee in person nor to any one authorized by her to accept it.

The only case to which our attention has been called in which it is intimated that the presumed acceptance of a deed will defeat the lien of an intervening attaching creditor is that of Greenville v. King et al. (50 Missouri, 477); and it is a little remarkable that it appears from the report of that case that no such question was raised in the argument.

But it is immaterial whether the question was or not directly presented to the court. We are of opinion that the doctrine is contrary to the decided weight of authority, that it is not supported by reason, and that its adoption would open the door to fraudulent preferences in a multitude of cases in which they will not be attempted if the rule announced in the case (supra) of Thompson v. Jackson is adhered to.

We do not concur with counsel in his construction of section 11, chapter 24 of the Revised Statutes. Under that section a mortgage could not become valid and effectual until acknowledged or proved and lodged for record; but there is nothing in the section from which it can be inferred that the legislature intended to dispense with the necessity of a delivery.

A mortgage ought to be delivered before being acknowledged or proved; but the fact of acknowledgment or proof does not raise a conclusive presumption that it had theretofore been delivered.

In this case, after giving proper weight to all legal presumptions to the contrary, we are constrained, from the state-

ments of the mortgagee himself, to conclude that the mortgage was not accepted by him in person or by any one having authority to accept for him until long after the attachments had been levied and the attachment liens created.

The question of the delivery of the mortgage is distinctly raised by each and all of the defendants to Bell's cross-action.

Our conclusion on this branch of the case dispenses with the necessity of an examination of the other questions presented by the record and considered in the argument.

Upon the two appeals—the one against the Farmers' Bank and the other against Robert H. Hays—the judgment is affirmed.