THE FISCHER LEAF COMPANY, Appellant, v. W. S.
WHIPPLE, Defendant; THE AMERICAN ENCAUSTIC
TILE COMPANY, Interpleader, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Fraudulent Conveyances**: DELIVERY OF MORTGAGE: ACCEPTANCE:
DOCTRINE OF RELATION: INSTRUCTION. As between the parties to a
deed beneficial to a grantee, it will be presumed to be delivered when
the grantor has parted with it, in this case put it of record, intending
it to operate as a conveyance, though the grantee has no knowledge
of the transaction, and actual knowledge and acceptance will relate
back to the time of the act of the grantor, and the title will be in the
grantee from that time; but this doctrine of relation will not affect
intervening rights (as of an attacking creditor), where the acceptance
must be actual and prior to such rights. An instruction set out in the
opinion approved, and *Ensworth v. King*, 50 Mo. 477, distinguished and
doubted.

2. **Practice, Appellate**: ERROR IN APPELLANT'S FAVOR. Appellant
cannot be heard to complain of error in his favor.

3. **Fraudulent Conveyances**: ACCEPTANCE: KNOWLEDGE: PRE-
SUMPTION. If a grantee learns from a grantor of the execution and
delivery of a deed beneficial to him, and says or does nothing
showing an intention to reject it, he will be presumed to accept it.

4. ————: ————: EVIDENCE: RES GESTÆ. What the grantee's agents
said immediately on learning of the making and delivery of the deed
concerning the acceptance thereof is proper evidence to show his
assent thereto.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY
M. RAMEY, Judge.

AFFIRMED.

*Stauber & Crandall*, for appellant.

(1) What Flammer said, and what Hadden said
Flammer said in their own favor in New York, was

inadmissible for any purpose. There is no evidence or claim that anything was done toward ratification prior to levy of attachment. *Criddle v. Criddle*, 21 Mo. 522; Jones on Chattel Mortgages [3 Ed.] sec. 104, and cases cited; *Darrell v. Donnelly*, 38 Mo. 492; *Carroll v. Frank*, 28 Mo. 69; *Wilson v. Albert*, 89 Mo. 537. (2) There must be some unequivocal act agreeing to or ratifying the execution of the mortgage to make it a contract. Exclamations or mental reservations won't do. Jones on Chattel Mortgages [3 Ed.] sec. 108; *Day v. Griffith*, 15 Iowa, 104; *Cobb v. Chase*, 54 Iowa, 253; *Ebersole v. Rankin*, 102 Mo. 488. (3) The proposition contained in instruction, numbered 2, given by the court for respondent, requires appellant to affirmatively show that respondent did not accept, and allow a recovery under the chattel mortgage by relation or presumption of law, although appellant's attachment was levied before respondent did anything to indicate a ratification. This is not now and never was the law. Jones on Real Mortgages, sec. 84; 4 Kent [11 Ed.] p. 526; *Davis v. Green*, 102 Mo. 170; *Wallis, Landis & Co. v. Taylor*, 67 Tex. 431; *Day v. Griffith*, 15 Iowa 104; *Wadsworth v. Barlow*, 68 Iowa, 599. In no case where the presumption of law is recognized, that grantee will accept because for his benefit, is there anything tending to hold that he has accepted, or that the presumption that he will accept cuts out rights acquired before he does accept in fact. 102 Mo. 170, *supra*. (4) Instructions, numbered 1 and 3, require an acceptance to make the mortgage valid. Number 2 destroys the force and effect of these by telling the jury that mortgagee does not have to accept; that the law presumes an acceptance, and we must prove that they refused to accept. There is no evidence of acceptance, and number 2 is not the law, and taken as a whole they are inconsistent, misleading and erroneous. *Thomas v.*

*Bobb*, 45 Mo. 384; *Smith v. St. Joseph*, 42 Mo. App. 392; *Martinowsky v. Hannibal*, 35 Mo. App. 70.

*R. E. Culver* and *M. B. Riley*, for respondent.

(1) The conversation between Flammer and Hadden was properly admitted in evidence as part of the *res gestæ*. Greenleaf on Evidence [14 Ed.] sec. 108; *Colt v. LaDue*, 54 Mo. 486; *Perkins v. Railroad*, 55 Mo. 201; *Folks v. Burnett*, 47 Mo. App. 564. (2) Where an instrument is executed in favor of a party for his benefit, he will be presumed to assent thereto until he manifests his dissent, after being notified. Respondent's second instruction correctly presented the law to the jury. *Major v. Hill*, 13 Mo. 247; *Ensworth v. King*, 50 Mo. 477; *Lumber Co. v. Anderson*, 13 Mo. App. 429.

ELLISON, J.—Defendant Whipple was indebted to plaintiff and also to the interpleader. On April 10, 1890, the defendant at St. Joseph, Missouri, without the knowledge of interpleader whose place of business was in New York, signed, acknowledged and had recorded a chattel mortgage on his stock to secure the debt he owed to interpleader. He then immediately telegraphed interpleader in the language of the following dispatch: "Have issued chattel mortgage to you on stock, due one day after sight. Send representative at once." Interpleader answered in the language of the following dispatch: "Our representative leaves Zanesville for your place to-night." The dispatch was received by interpleader from two to five hours before the sheriff levied a writ of attachment on the same property, which was sued out by the plaintiff for the debt owing to it. The question is, was there a delivery of the mortgage to interpleader before the levy of the attachment? With the further question, incidentally

arising, as to the presumption of law in such cases. Since the verdict was for interpleader we may say as a statement of fact, that the mortgage was signed, acknowledged, filed for record, and interpleader notified by defendant before the levy of plaintiff's writ of attachment. If, therefore, the court's instructions, given of its own motion, are sound law, the judgment for interpleader must stand.

The first instruction is as follows: "1. If the jury should believe from the evidence that the plaintiff, in good faith, accepted said mortgage as a security for any debt mentioned in evidence due to it by said Whipple, before the levy of the attachment mentioned in evidence, then the jury will find for the plaintiff. But, if the jury should believe from the evidence that plaintiff, after being notified of the execution of said mortgage, did not finally determine to accept and did not accept said mortgage until after the levy of the attachment mentioned in evidence, the plaintiff cannot recover." The law undoubtedly is that, as between the parties to a deed beneficial to the grantee, it will be presumed to be delivered to the grantee when the grantor has parted with it and all dominion over it, intending that it shall operate as a conveyance to the grantee. And this though the grantee has no knowledge of the transaction. The actual knowledge and acceptance of the deed will, as between the parties and their privies, relate back to the time of the act of the grantor, and the title will be in the grantee from that time. There are authorities which hold the presumption absolute of delivery and acceptance of such a deed, placing the title in the grantee for all purposes, though he was an adult, and had no knowledge of it at the time; and that, if he rejected the deed after coming to a knowledge of it, the title was then, *ipso facto*, revested in the grantor. Placing the title in the grantee as of the time the

grantor parted with the deed, under the circumstances mentioned, the grantee being ignorant of the transaction, is one of the results of the doctrine of relation, and is founded on a fiction of the law. But it is well settled that the doctrine of relation should not cut out intervening rights. So that the true rule ought to be that this presumption of delivery and acceptance of a deed beneficial to the grantee ought not to, and will not, obtain where the right of a third party has intervened between the time when the grantor acted, and the time of actual acceptance by the grantee. Now in this case it will be seen that the court by the first instruction takes note of the levy of plaintiff's attachment and directs the jury to find for plaintiff, unless interpleader, after coming to know of the mortgage therefor made out in its behalf, accepted it. By this instruction the court has given plaintiff the benefit of the rule (and applied it to this case) that the doctrine of relation shall not reach back as against an intervening right. The fiction of the law is not brought to interpleader's aid; on the contrary he is required to rely on actual fact. We are of the opinion the instruction presented the law. *Welch v. Sackett*, 12 Wis. 243; *Field v. Fisher*, 65 Mich. 606; *Bell v. Bank*, 11 Bush, 34; *Kingsberry v. Burnside*, 58 Ill. 310; *Parmelee v. Simpson*, 5 Wall. 86; *Bank v. Webster*, 44 N. H. 268; *Wallis v. Taylor*, 67 Tex. 431; *Baker v. Haskell*, 47 N. H. 479; *Munoz v. Wilson*, 111 N. Y. 295; *Woodbury v. Fisher*, 20 Ind. 387; *Hedge v. Drew*, 12 Pick. 141; *Dole v. Bodman*, 3 Metc. 139; *Day v. Griffith*, 15 Iowa, 104; 3 Washburn on Real Property, side pp. 301, 302; Jones on Chattel Mortgages, sec. 104.

It is proper to state in this connection that in the case of *Ensworth v. King*, 50 Mo. 477, a mortgage on real estate was signed, acknowledged and filed for record by the grantor to secure a debt owing to a cred-

itor in Kentucky. "This mortgage was executed and recorded," says the court, "before the attachment suits were commenced, but it is not shown that the grantee therein had notice of the same until after the suing of the attachments; but when he was notified thereof he assented to and ratified the same." On this state of facts the court further says that "The general rule is that, where an instrument is executed in favor of a party for his interest, he will be presumed to assent thereto until he manifests his dissent, after being duly notified." It appears by that case that the attachments were sued out, but does not appear that they were levied so as to become a lien, though we suppose that may be inferred as a fact. If it is to be inferred, then the case is opposed to the authorities above cited, making an exception in favor of intervening rights. The case of *Major v. Hill*, 13 Mo. 247, does not present the question here discussed. For in that case Major had nothing more than a judgment debt with no intervening lien; and we find no case in this state, except *Ensworth v. King*, which in any way militates against the correctness of the instruction, and this case, we think, would not now be considered to be good law. *Hall v. Hall*, 107 Mo. 101; *Standiford v. Standiford*, 97 Mo. 231. It is referred to and declared to be unsound and without reason in *Bell v. Bank*, 11 Bush, 34. But, conceding that *Ensworth v. King* is good law, and that, therefore, the court should not have made it a requisite to interpleader's claim that it should have accepted the deed after knowing of its existence, the error was quite apparently in plaintiff's favor, and it, therefore, cannot of course be heard to complain. But it is strenuously urged by plaintiff, that the second instruction based on the hypothesis of passive conduct by interpleader after

being informed of the mortgage was improper. The instruction merely puts the proposition that if a grantee learns from the grantor of the execution and delivery by the grantor for his (grantee's) use of a deed, beneficial to him (grantee), and says or does nothing showing an intention to reject it, that it will be presumed he accepts it. It is sustained by authority, and it was proper to give it.

III. Objection was made to the testimony of interpleader's officers, showing what they said immediately on receipt of the telegram concerning an acceptance of the mortgage. This was offered to show an assent on the part of interpleader to the mortgage, and was unquestionably proper. The result is that we affirm the judgment. All concur.