THE STATE OF MISSOURI ex rel. JAS. C. CARPENTER, Respondent, v. JOHN P. O'NEILL et al., Appellants

Kansas City Court of Appeals, March 7, 1898.

1. **Parties:** PRINCIPAL AND AGENT: EVIDENCE: CHATTEL MORTGAGE. Where a chattel mortgage is given to an agent, the principal, though undisclosed, may assert his rights as if named in the mortgage and show his relation by parol evidence.

2. **Chattel Mortgages:** DELIVERY: RECORD. Where by agreement the mortgagor makes and leaves a chattel mortgage with the recorder for the mortgagee, this is sufficient delivery.

3. ——: ——: RATIFICATION: INTERVENING RIGHTS. Where the mortgagor leaves the mortgage as agreed with the recorder but it differs in terms from the mortgage agreed upon, the mortgagee may, upon ascertaining such differences, ratify the mortgage, but such ratification will not affect intervening rights.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

REVERSED.

GAGE, LADD & SMALL for appellant.

(1) The operative words of conveyance in the mortgage, as shown by the copy of it in the record, are to "Luther A. Carpenter," "his heirs and assigns," and the note secured by it is described as payable to "Luther A. Carpenter, agent." James C. Carpenter's name nowhere appears in the mortgage. The legal title, therefore, to the property was vested in Luther A. Carpenter, and the cause of action, if any, also vested in him. (2) Van Voorhis left the mortgage at the recorder's office; he kept the note, and never delivered it to anyone. Neither were ever seen by Luther A. Carpenter, James C. Carpenter's agent, and he knew nothing of their terms, until after the execution was levied. (3) According to the uncontradicted testimony, the mortgage that was actually made and recorded was never authorized or accepted by the mortgagee and therefore never delivered, prior to the levy of the execution by the sheriff. Hence it was void as to the plaintiff in the execution under which the sheriff's levy was made. Cobb v. Chast, 54 Iowa, 253; Cravens v. Rossiter, 116 Mo. 338; Rogers v. Iron Foundry, 70 N. W. Rep. 527.

COLVIN & COLVIN for respondent.

(1) "A principal can maintain an action in his own name on a written contract made by his agent in his (the agent's) name without disclosing the name of the principal. The relation of the principal and agent may be shown by parol evidence." Bank v. Jennings, 18 Mo. App. 651; Briggs v. Munchon, 56 Mo. 473; Ins. Co. v. St. Mary's Seminary, 52 Mo. 480; Wharton on Agency and Agents, secs. 403, 404; Ewell's Evans on Agency, sec. 396. The second point raised

by appellants would be well taken did the evidence show that the mortgage was executed and recorded without the knowledge and assent of Carpenter. On the contrary the evidence shows Carpenter demanded of Van Voorhis a mortgage. The delivery of the mortgage to the recorder under such circumstances was a delivery to the mortgagee, and acceptance by the mortgagee of the mortgage with all its inaccuracies. Jones on Chattel Mort., sec. 106.

ELLISON, J.—The plaintiff sued defendants (who are the sheriff and his sureties), the suit being on the official bond. The judgment in the circuit court was for plaintiff. It appears that the sheriff levied an execution on a lot of personal property as the property of one Van Voorhis, the defendant in the execution, and sold the same. Plaintiff claims the property as mortgagee, Van Voorhis having, as plaintiff claims, made to him a chattel mortgage on the property to secure a note given for rent of a farm and due in three years. The mortgage was executed to "Luther A. Carpenter, agent." The evidence showed Luther A. Carpenter to have been the agent of plaintiff, the latter being Luther's father and residing in another county.

STATEMENT.

Defendants' first objection to the judgment is that the suit should have been brought in the name of Luther A. Carpenter since he appears as the grantee in the mortgage. In our view the point is not well taken. Where a chattel mortgage is given to an agent, the principal, though undisclosed may assert his rights as if named in the mortgage. The relation of principal being shown by parol.

PARTIES: principal and agent: evidence: chattel mortgage.

2. It is next objected that there was no delivery of the mortgage to plaintiff or his agent. The facts were

CHATTEL mort-
gages: delivery:
record.
that plaintiff's agent customarily left his individual mortgages and deeds with the recorder, and that he usually did not have them in actual possession unless when he needed them for some purpose, in which event he would go to the recorder and get them; that in this instance he, not being well, left the whole matter in the hands of Van Voorhis, the mortgagor, and directed him to execute the note and mortgage and leave it with the recorder for record; that the mortgagor, in a day or two, did execute it, left it with the recorder and afterward told him he had done so. This we regard as a sufficient delivery, as will be made apparent by the cases of Cravens v. Rossiter, 116 Mo. 338, and Fischer Leaf Co. v. Whipple, 51 Mo. App. 181.

3. But it appears that the lease on the farm was for three years, the annual rent of $300 being due annually, and that plaintiff's agent Luther, directed the mortgagor to make out the mortgage securing the first year's rent and due in *one* year, whereas he made it out to be due in *three* years; and that Luther never knew that it had not been made as he directed, until after the levy was made by the sheriff and he came to make his claim under it. It was not a mortgage therefore that plaintiff was bound to accept, he had a right to reject it whenever he should find it differed materially from what he authorized. He could, of course, exercise the right to ratify the mortgagor's act in delivering to the recorder for him a different mortgage from the one agreed upon and the act of ratification would make it a valid mortgage, except as to intervening rights. The ratification must have taken place before the levy of the execution. The levy of the execution was an intervening right and cut out the subsequent act of plaintiff in adopting the mortgage as made and claiming under

—: —: ratifi-
cation: inter-
vening rights.

it. Fischer Leaf Co. v. Whipple, *supra*. At the time the levy was made there was no mortgage in existence binding upon plaintiff. It became binding upon plaintiff and became the measure of his rights against the mortgagor when he ratified it by adopting it as he found it to be. But, as before stated, that was after the rights of the execution creditor had attached.

It follows that the judgment should be reversed. All concur.