MOON BROTHERS CARRIAGE COMPANY, Appellant, v. J. C. PORTER, Respondent.

Kansas City Court of Appeals, June 13, 1898.

1. **Fraudulent Conveyances:** CHATTEL MORTGAGE : ACCEPTANCE : ATTACHMENT. If a mortgagee learns of and accepts a chattel mortgage as a security for his debt before the fixing of an intervening right, such as the levy of an attachment, he will prevail over the attachment, but an attachment will not be defeated by subsequent knowledge and acceptance.

2. ———— : POSSESSION : DELIVERY. There must be a change of possession and something to show delivery, and no mental resolve by the mortgagor that the property is set aside for the mortgagee will suffice.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

AFFIRMED.

BENTE & WILSON for appellant.

(1) The mortgagee secured open and notorious possession before the writ of attachment was levied. This alone would imply acceptance of the mortgage. Having taken such possession 'and thus accepted the mortgage, the plaintiff was entitled to hold the property against attaching creditors, regardless of whether the instrument was recorded or not. R. S. 1889, sec. 5176; State ex rel. v. Cooper, 79 Mo. 464; Jones on Chattel Mortgage [3 Ed.], sec. 178. (2) If a grantee learns from a grantor of the execution and delivery of a deed or instrument beneficial to him and says or does nothing showing an intention to reject it, he will be presumed to accept it. Fischer Leaf Co. v. Whipple, 51 Mo. App. 181.

GUTHRIE & WILLIAMS for respondent.

(1) Plaintiff failed utterly to prove an acceptance of the mortgage prior to the levy of the attachment writ, and as such acceptance will not be presumed, for this reason the court properly instructed the jury to find the issues for the defendant. Kuh v. Garvin, 125 Mo. 547; overruling Ensworth v. King, 50 Mo. 477; Welch v. Sackett, 12 Wis. 243; Fischer Leaf Co. v. Whipple, 51 Mo. App. 181; Bell v. Bank, 11 Bush. 34; Field v. Fisher, 65 Mich. 606; Woodbury v. Fisher, 20 Ind. 387; Dole v. Bodman, 3 Metc. 139; Day v. Griffith, 15 Iowa, 104; Wallis v. Taylor, 67 Tex. 431; Parmelee v. Simpson, 5 Wall. 81. (2) The burden of proving such acceptance was on the plaintiff. Kuh v. Garvin, *supra;* Fischer Leaf Co. v. Whipple, *supra.*

ELLISON, J.—This is an action of replevin for a lot of personal property claimed as having been con-

veyed to plaintiff by one Wheeler. The defendant is the sheriff of Pettis county and claims the goods under a writ of attachment in a suit by a creditor of Wheeler. The plaintiff's title is based on an alleged sale to plaintiff and a delivery of possession; and also by reason of a chattel mortgage given by Wheeler to plaintiff. There was a peremptory instruction to find for defendant.

Plaintiff was a creditor of Wheeler and the latter, without plaintiff's knowledge executed a chattel mortgage and filed it for record. Plaintiff claims that it was notified of the mortgage and accepted it on the morning of the day defendant seized the property under the attachment writ which was in the afternoon. If this is true plaintiff should recover and the instruction directing a verdict for defendant was wrong. For the law is that although a mortgagee may not know of a chattel mortgage executed in his behalf, yet if he learns of, and accepts it, before the fixing of an intervening right, such as the levy of a writ of attachment, he will prevail over such attachment. But if the attachment is levied, though subsequent to the mortgage, but before the acceptance, the attachment will prevail. Kuh v. Garvin, 125 Mo. 547; Fischer Leaf Co. v. Whipple, 51 Mo. App. 181. In the latter case, Ensworth v. King, 50 Mo. 477 is questioned and in the former, it is overruled. Applying this view of the law to the record we find there was no evidence tending to show that plaintiff accepted the mortgage prior to the levy of the attachment writ, and that therefore plaintiff has no claim under the mortgage.

But plaintiff's claim, as before intimated, is that the property was delivered to it before the attachment. There is no foundation for such claim. The property was in Wheeler's business building. It was said to have been "set apart" for plaintiff by Wheeler. The

facts were that the property remained in the building as it was before the alleged setting apart. There was no change of possession and absolutely nothing to show that there had been a delivery to this plaintiff. It may in fairness be said that the whole matter, in this respect, consisted in the mental resolve by Wheeler that it was set apart for plaintiff.

The peremptory instruction for defendant was properly given and the judgment will be affirmed. All concur.