# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2285

_____

| | | |
|---|---|---|
| United Fire & Casualty Insurance Company, | * * * | |
| Plaintiff - Appellee, | * * | |
| v. | * * | |
| | * | Appeal from the United States |
| Paul Garvey; | * | District Court for the |
| | * | Eastern District of Missouri. |
| Defendant - Appellant, | * * | |
| Fenton, L.L.C., | * * | |
| Intervenor - Appellant. | * | |

_____

Submitted: January 15, 2003

Filed: May 6, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Paul Garvey and Fenton, L.L.C. (Fenton) appeal the district court's grant of summary judgment in favor of United Fire & Casualty Insurance Company (United Fire). We reverse.

Viewed in the light most favorable to Paul and Fenton, the record reveals the following facts. Paul's parents, James and Beverly Garvey, buy, renovate and resell residential property; sometimes through their corporation, Garvey Home Development Corporation, and at other times in their individual names. Paul lives with his parents and works for Garvey Home Development. In 1995, James and Beverly bought a piece of residential property to renovate and resell. Paul took charge of the renovations, and James instructed him to obtain insurance coverage on the property. Paul called the family's insurance agent, Dan Hebbeln, and told him his parents had recently purchased another piece of property and needed it insured. Paul previously obtained insurance through Hebbeln in the same manner for other properties owned by his parents, and each time Hebbeln knew Paul was acting on behalf of his parents. Hebbeln completed an application which Paul reviewed and signed, and United Fire issued a policy of insurance listing Paul Garvey as the named insured. Paul reviewed the application and policy and did not request any changes to the identity of the named insured contained on the insurance application or policy. The initial policy premium payment was made directly to Hebbeln using a personal check issued by James and Beverly. Each of the twelve subsequent premium payments was also paid by James and Beverly with a check drawn on their bank account.

On February 28, 1997, the residence was destroyed by fire.[1] Paul reported the loss to Hebbeln who notified United Fire. Shortly thereafter, Fenton exercised an option to buy the property from James and Beverly and took an assignment for the insurance proceeds. After reviewing the proof of loss claim submitted by Paul, United Fire denied the claim arguing Paul, as the named insured, had no insurable

---

[1]The fire was intentionally set and the responsible party was found guilty of arson. The arsonist had no connection to the Garveys.

interest in the property. United Fire also claimed the policy was void because Paul fraudulently and falsely represented or concealed material facts on the application.

On March 15, 1999, United Fire filed an action for declaratory relief asking the district court to determine whether it owed any duty to indemnify Paul. On July 30, 1999, Fenton intervened based upon its post-loss purchase of the property and the assignment of insurance proceeds. United Fire moved for summary judgment and the district court granted the motion finding Paul had no insurable interest in the property.

On appeal, we affirmed the district court's finding that Paul had no insurable interest in the property, but remanded for further proceedings to determine if Paul was acting as an agent for his parents when he obtained the policy. United Fire & Cas. Ins. Co. v. Garvey, 2001 WL 1167810, at *1 (8th Cir. Oct. 4, 2001). After remand, United Fire moved for summary judgment arguing under Missouri law an agent cannot obtain insurance on behalf of an undisclosed principal, and also reasserted its fraud defense. The district court granted summary judgment finding Paul never disclosed the agency relationship to Hebbeln and held an agent may not obtain insurance coverage for an undisclosed principal.

On appeal, Paul and Fenton contend the district court erred by holding an agent cannot obtain insurance coverage for an undisclosed principal. Paul and Fenton also argue the district court erred by finding James and Beverly were undisclosed principals.

II

We review a grant of summary judgment de novo, applying the same standard as the district court. Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1085 (8th Cir. 1999). Summary judgment is proper if there exists no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When ruling on a summary judgment motion, a court must view the evidence "in the light most favorable to the nonmoving party."  Dush v. Appleton Elec. Co., 124 F.3d 957, 962-63 (8th Cir. 1997).  However, a "nonmovant must present more than a scintilla of evidence  and  must advance specific facts to create a genuine issue of material fact for trial."  F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).

Paul and Fenton first argue the district court erred by holding Missouri law allows an insurance company to avoid a contract of insurance entered into by an agent on behalf of an undisclosed principal.

This is a diversity action and is governed by state substantive law.  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).  When a state's highest court has not decided an issue, it is the task of this court to predict how the state supreme court would resolve the issue.  Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993).  Decisions of the "various intermediate appellate courts are not [binding on this court], . . . [but] they are persuasive authority, and [we] must follow them when they are the best evidence of what [state] law is."  Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 883 (8th Cir. 2000) (quoting Garnac Grain Co. v. Glackley, 932 F.2d 1563, 1570 (8th Cir. 1991)).  Intermediate state court decisions should not be disregarded "unless [we are] convinced by other persuasive data that the highest state court would decide [the issue] otherwise."  Comm'r v. Estate of Bosch, 387 U.S. 456, 465 (1967).

Like the district court, we believe our analysis is governed by Estes v. Great Am. Ins. Co. of N.Y., 112 S.W.2d 153, 155 (Mo. Ct. App. 1938).  In Estes, Ollie Estes, acting as administratrix for her father's estate, obtained insurance coverage on his home after it passed to the estate upon his death. While the policy was in effect, the estate was settled and Ollie was discharged from her duties.  Id.  Shortly

thereafter, the home was destroyed by fire. Id. The insurance carrier denied coverage, arguing Ollie insured the premises in her capacity as administratrix, and once discharged she no longer had any insurable interest. Id. at 156. The Missouri Court of Appeals agreed. Alternatively, Ollie argued she was acting as an agent for the heirs of the estate when she obtained insurance coverage, and her agency survived her discharge as administratrix. Id. at 158. The court also rejected her alternative argument, finding that, even assuming Ollie was acting as an agent for the heirs, the insurance carrier was not contractually bound "[i]n the absence of proof of knowledge of such a relationship on the part of the company or its agent . . . ." Id. at 159. Moreover, though the company may have insured the interests of the heirs had they been disclosed, "it had the right to have a chance to pass on whether or not it would so contract with them." Id.

Despite the clear holding in Estes, Paul and Fenton point to other Missouri cases holding a party contracting with an agent acting for an undisclosed principal is bound by the contract. See Phillips d/b/a Concrete Technicians, Inc. v. Hoke Constr., 834 S.W.2d 785, 789 (Mo. Ct. App. 1992); Sonnenfeld Millinery Co. v. Uhri, 83 S.W.2d 168, 169 (Mo. Ct. App. 1935); and Missouri v. O'Neill, 74 Mo. App. 134, 136 (1898). Uhri, and O'Neill, however, were decided before Estes, and cannot be read as vitiating the rule announced later in Estes. Further, none of the cited cases involved insurance contracts. See, e.g., Hoke Constr., 834 S.W.2d at 789 (limiting its holding to "simple contracts."). Accordingly, we hold under Missouri law that United Fire may avoid the contract of insurance if Paul failed to disclose he was acting as an agent for his parents.

Paul and Fenton next argue the district court erred by concluding Paul failed to disclose the agency relationship to Hebbeln.

As a preliminary matter, the parties disagree about the scope of our earlier remand. United Fire argues the remand was limited to whether an agent for an

-5-

undisclosed principal may bind an insurance company. Paul and Fenton argue our remand directed the district court to fully explore the agency issue, including whether James and Beverly were undisclosed principals. Our opinion in United Fire & Cas. Ins. Co. v. Garvey, 2001 WL 1167810, did not limit the issue on remand as suggested by United Fire. Our remand recognized "the parties [had] not *fully briefed the agency question* to this court," and directed them "to present the issue to the district court in the first instance." Id. at *1 (emphasis added). By doing so, we expected the parties and the district court to fully explore all factual and legal issues surrounding the agency question. Indeed, any other reading of this court's decision would reduce the issue to purely a legal question which would not have required a remand.

The district court concluded the undisputed facts show Paul never disclosed the agency relationship to Hebbeln. Paul and Fenton, however, argue the district court improperly resolved a disputed factual issue. We agree. Notwithstanding the contrary evidence relied on by the district court, Paul and Fenton point to statements made by Paul within six months of the fire indicating he told Hebbeln the premises were owned by his parents when he obtained insurance. Paul later testified at deposition he specifically told Hebbeln his parents owned the property and they needed insurance. Paul further testified it was common for him to obtain insurance from Hebbeln on behalf of his parents and Hebbeln was familiar with the practice. Because there is a genuine issue of material fact as to whether Paul disclosed the agency relationship, summary judgment was inappropriate.

### III

The district court's grant of summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.