## T. P. DAVIDSON, Respondent, v. HENRY BOHLMAN, Appellant.

### St. Louis Court of Appeals, November 19, 1889.

**Physicians' Right to Recover Compensation.** The statutes restricting the right to practice medicine and surgery to registered physicians and surgeons, and requiring the filing of diplomas, apply to one who as a physician gives electric treatments; it is not necessary that one should administer internal remedies in order to practice medicine within the meaning of these statutes.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*Stone & Slevin,* for the appellant.

The account filed in this case is not sufficient. It is not an itemized account. R. S. 1879, sec. 2852; *Weese v. Brown*, 28 Mo. App. 521; *Hill v. St. Louis, etc., Co.*, 90 Mo. 103. Plaintiff is not entitled to recover for the reason that he was not duly registered as the law required at the time said services were rendered. R. S. 1879, secs. 6302 and 6304; Laws, 1874, p. 111; *Orr v. Meek*, 11 N. E. Rep. 787. A person cannot recover on an implied contract when there is an express contract in force. *Davidson v. Bierman*, 27 Mo. App. 655; *Christy v. Price*, 7 Mo. 433.

*H. A. Haeussler* and *Walter M. Hezel,* for the respondent.

The statement was sufficient to apprise the defendant of the nature of the suit, and specific enough to be a bar to another action. *Razor v. Railroad*, 73 Mo. 473. There was no express contract in this case, and if

there was the instruction given worked no harm on defendant. There was no evidence to show that the act of 1874 or 1877 applied to the plaintiff. *State ex rel. v. Francis*, 8 Mo. App. 584.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover upon an account for services for electric treatments for the plaintiff and members of his family. In the view which we take of the law and the evidence it will be necessary to consider but one question. The treatments were rendered in the spring of 1882. The plaintiff did not register as a practicing physician in the city of St. Louis until the following year, when the act of 1883 was about to take effect.

By the act of March 27, 1874, it was provided: "All persons now practicing medicine or surgery in this state, or who shall commence the practice before the first day of September in the year 1874, shall register their names in the office of the county clerk in the county in which they reside, but they shall not be required to file any copies of their diplomas." Laws of 1874, p. 111, sec. 3.

The same statute further provided: "Every person who shall practice, or attempt to practice, medicine or surgery in this state, without first having complied with the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than twenty-five nor more than five hundred dollars; and the fact that any such person has not filed a copy of his or her diploma or registered themselves, as herein required, shall be sufficient defense to any action brought by him (or her) for his or her services rendered or medicine furnished as a physician or surgeon, during the time he or she may have failed to comply with the provisions of this act." *Ib.*, sec. 4.

This was followed by the act of 1877, embraced in the Revised Statutes of 1879, at sections 6301 to 6308.

This statute renewed the obligation of "every person who shall hereafter engage in the practice of medicine or surgery in this state, other than those who are now authorized to practice by virtue of existing law, to file a copy of his or her diploma in the office of the clerk of the county court of the county in which he or she resides, or desires to practice," etc. Revised Statutes 1879, section 6302. By a subsequent section it is provided : "Any person who shall practice or attempt to practice medicine or surgery in this state, without first having complied with the provisions of this chapter, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in the sum of not less than one hundred nor more than five hundred dollars, and shall not be permitted to recover any compensation for services rendered as any such physician or surgeon." *Ib.*, sec. 6304. It is perceived that this statute renewed the obligation to file a copy of diploma with the clerk of the county court, and applied the obligation to those thereafter engaging in practice "other than those who are now authorized to practice by virtue of existing law." This statute was in force at the time of the rendition of the services which are the subject of this suit. At the time of the passage of this statute the plaintiff was not "authorized to practice by virtue of existing law," because the "existing law" was the act of 1874, already quoted, which required him to register his name in the office of the county clerk, which he had not done. He was therefore an unauthorized practitioner, within the meaning of section 6304, was guilty of a misdemeanor for practicing, and was prohibited from recovering compensation for services rendered as a physician or surgeon.

To meet the difficulty which these statutes interpose in the way of a recovery by the plaintiff, his learned counsel suggest that the services here rendered were not necessarily those of a physician or surgeon. States of

fact might be imagined in which it would become a question for the jury, under proper instructions, to determine whether the person suing for compensation was suing for services rendered in the practice of medicine or surgery, within the meaning of section 6304 of the Revised Statutes of 1879; and in the present case the defendant tendered an instruction submitting the question to the jury, which the court refused. But in the present case the evidence which bears upon the subject has been furnished by the plaintiff himself. There is no discrepancy in any of it, nor are the inferences to be derived from it doubtful or equivocal. In the first place, the bill of items on which he sues describes him as *Dr.* T. P. Davidson. The services are stated in one paragraph to be "electric treatment" and in another paragraph to be "treatment." The plaintiff has called another medical practitioner as a witness to prove the customary value of such services. This physician describes the plaintiff as a "practitioner and electrician" during the ten or eleven years he has known him. The plaintiff himself testifies that he had, at the time of the rendition of the services sued for, practiced medicine in this state for nearly thirty years. He first practiced as an allopathic physician, and afterwards as an electric physician. He had a diploma to practice, which he had received from an electric medical college. This and other evidence furnished by himself is entirely incompatible with the conception, thrown out in argument by his learned counsel, that the services for which he here sues may have been merely services rendered as the keeper of a bathing establishment. It is quite unnecessary, we think, that, in order to practice medicine within the meaning of the statute, the practitioner should give internal remedies. The obvious intention of the statute was to embrace any person who habitually holds himself out as a professor of the art of healing diseases.

As, upon the plaintiff's own evidence, he was practicing medicine against the prohibition of the statute, it disables him from recovering compensation for his services. The judgment is accordingly reversed; but, as the plaintiff may possibly be entitled to recover the money alleged to have been advanced by him to Dr. Taylor and stated in the last item of the account, the cause will be remanded. All the judges concur.