M. B. SMYTHE, Respondent, v. A. N. HANSON, Appellant.

St. Louis Court of Appeals, February 26, 1895.

Contracts: ACTION BY UNLICENSED PHYSICIAN. A party who has rendered services under a contract which is not prohibited by law, and has fully executed it on his part, may recover compensation for such services, though in rendering them he has committed a misdemeanor owing to his noncompliance with a statute requiring him to first procure a certificate or license. Accordingly, a recovery by a physician

for medical services will not be denied under our present statutes, because he has not procured a certificate from the state board of health. *Davidson v. Bohlman*, 37 Mo. App. 576, *is distinguished.*

*Appeal from the Greene Circuit Court.*—Hon. James T. Neville, Judge.

AFFIRMED.

*A. F. Butts* for appellant.

Plaintiff should have stated that he was a physician, duly authorized by the state board of health to practice as such. His contract was in violation of a positive statute forbidding the carrying on of the business under which the obligation was attempted to be made, and was, therefore, void. R. S., secs. 6871 and 6881; 3 Am. and Eng. Encyclopedia of Law, page 872; *Downing v. Ringer*, 7 Mo. 292; *Friend v. Porter*, 50 Mo. App. 89; Lawson on Contracts, sec. 281; Broom's Legal Maxims [8 Ed.], page 731; Bishop on Contracts, sec. 547; 2 Addison on Contracts, p. 401.

*O. T. Hamlin* for respondent.

The plaintiff was entitled to recover, though he did not procure a certificate to practice. *Prietto v. Lewis*, 11 Mo. App 600; *Prince v. Baptist Church*, 20 Mo. App. 332.

ROMBAUER, P. J.—This suit is for medical services, and was instituted before a justice of the peace. The circuit court, on appeal, tried the cause without the intervention of a jury, and rendered judgment for plaintiff. In doing so the court made a special finding, which is conceded to be supported by the evidence, and which is as follows:

"That the plaintiff has been a practicing physician in other states than Missouri for about eleven years;

that he practiced medicine in the state of Missouri for two years only prior to the time of performing the services mentioned in plaintiff's account; that the plaintiff did not have a certificate of the state board of health at the time said services were performed, as required by section 6871, Revised Statutes of 1889; that the services for which plaintiff claims compensation were performed, as claimed, on plaintiff's account; that the amount due plaintiff, after allowing just credit, is $104."

The defendant on the present appeal contends that, upon the facts thus found, he was entitled to judgment. Sections 6871 and 6881, Revised Statutes of 1889, require that practitioners of medicine should have a certificate from the state board of health, and that any one who shall practice medicine without such certificate shall be guilty of a misdemeanor, and shall be subject to fine and imprisonment, unless he has practiced medicine in this state for five years prior to the enactment of the statute. The statute, as it formerly stood, provided, in addition, that the offending party *"shall not be permitted to recover any compensation for services rendered as such physician or surgeon."* R. S. 1879, sec. 6304. Under the statute, as it formerly stood, we decided in *Davidson v. Bohlman,* 37 Mo. App. 576, that a physician practicing in violation of the statute could not recover for medical services. The omission from the revision of 1889 of the clause placed in italics above is quite significant, and clearly indicates an intention on the part of the legislature not to subject the offending party to the additional penalty of being deprived of compensation for his services. The law, as it stands at present, can have no such effect. Whatever may be the rule in some states, we must consider it as settled in this state for the present that, where *a contract* is not prohibited by law, and has been

fully executed by the person rendering the services, he may recover their value from the person who received their benefit, though in rendering the services the person was guilty of a misdemeanor, because he rendered them without a proper certificate or license for doing so. *Prietto v. Lewis*, 11 Mo. App. 600; *Prince v. Eighth Street Baptist Church*, 20 Mo. App. 332. As the services in this case were rendered in 1892, and after the present statute went into effect, the case of *Davidson v. Bohlman, supra*, has no application.

The statement filed before the justice was sufficient to show the nature of the services sued for. Judgment affirmed. All concur.