R. H. O'BANNON v. A. A. WYDICK et al., Appellants.

Division Two, March 13, 1920.

**PROFESSIONAL SERVICES:** Mechano-Therapist: No License. A
mechano-therapist, having no license to practice, cannot recover
for his services as "a practitioner of drugless healing" and of

"the chiropractic method." [Approving and adopting opinion of Springfield Court of Appeals in O'Bannon v. Wydick, 197 S. W. Rep., 432.]

Appeal from Howell Circuit Court.—*Hon. E. P. Dorris,* Judge.

REVERSED.

*J. C. Dyott* for appellants.

(1) The verdict should have been for the defendant rather than the plaintiff. His petition alleges that the defendants are indebted for "medical services," while the evidence shows that he is not a physician as specified by the statute, nor never has been, and is therefore suing for a debt contracted under false pretense, and in the practice of medicine against the positive mandate of the statute. Secs. 8311 and 8313, R. S. 1909; State v. Smith, 233 Mo. 242. (2) Plaintiff's petition does not state a cause of action. If the plaintiff had not the legal capacity to sue and had no standing in court, his complaint being based upon the charge for professional medical service, and he failed to allege and prove that he was licensed by the State for that purpose, he did not state a cause of action. Swift v. Kelley, 133 S. W. (Ark.) 901. (3) The plaintiff has not the legal capacity to sue and recover. The practice of mechano-therapy or any other forms of medicine by any person who has failed to comply with the authorizing statutes for any unlawful practice and any contract based upon such services rendered, has for its object void consideration. Chitty on Contracts, 230; Rothwell v. Gibson, 121 Mo. App. 284; Bishop on Contracts (Ed. 1887), sec. 471, citing Friend v. Porter, 50 Mo. App. 89, 9 Cyc. 475; Down v. Ringer, 7 Mo. 585. "The cases in this country are uniform in holding that a contract forbidden by statute is void." Live Stock Assn. v. L. & C. Co., 138 Mo. 394; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404. (4) An expressed or implied contract of the nature as herein indicated should not be upheld on the ground of the

public policy. Orr v. Meek, 111 Ind. 40; Thompson v. Hazen, 25 Me. 104; Bailey v. Mogg, 4 Den. (N. Y.) 60; Alcott v. Barber, 1 Wend (N. Y.) 526; Puckett v. Alexander, 102 N. C. 95, 3 L. R. A. 43.

*L. P. Main* and *O. F. Wayland* for respondents.

(1) Does the statement set forth a cause of action? It does in any view of the case for this court cannot take judicial notice that mechano-therapy is a school of medicine, and even if it is, and the court could take judicial notice of that fact it is held in Des Mond v. Kelly, 163 Mo. App. 205, that it is not necessary in an action for medical services to allege the possession of a license but that the want thereof, if a defense at all, must be affirmatively pleaded. In that case the court specifically declined to pass upon the question as to whether the defense would be good. (2) The real question at issue in this case is the right of a person treating any kind of bodily disorder to recover for his services in the absence of a license to practice medicine. In discussing this question we will admit for the sake of the argument that mechano-therapy is a school of medicine within the meaning of the statute, but we insist that in this State the possession of a license is not a condition precedent to the recovery of pav for services. Smythe v. Hanson, 61 Mo. App. 285. (3) It will be observed that regardless of the history of the act the court in the Smythe case sav that in this State unless the contract itself prohibited, recovery can be had for services rendered under it. The latest application of this rule is the case of McConnon v. Haskins, 180 S. W. 21. Counsel for appellant says in his brief that this case is not applicable because the Peddler Act is a revenue act, but in the case of State v. Webber, 214 Mo. 272, the Supreme Court held that it was an exercise of the police power and for that reason constitutional.

RAILEY, C.—On April 17, 1916, plaintiff filed before R. F. Holloway, a justice of the peace, at Willow

Springs, Howell County, Missouri, a suit against above defendants. The petition, without caption and signature, reads as follows:

"The plaintiff states that the defendants are husband and wife and are indebted to him in the sum of $109.35 for professional services as a mechano-therapist rendered by him to defendants and their family at their request."

A jury found the issues for defendants in the court of the justice of the peace, and judgment was entered accordingly. The case was appealed by plaintiff to the Circuit Court of Howell County. Defendants filed, in the latter, a general denial. The case was tried before the court without a jury, and judgment rendered in favor of plaintiff for $104.50 and costs. Defendants, in due time, filed their motion for a new trial, which was overruled and the cause duly appealed by them to the Springfield Court of Appeals.

The evidence is sufficient to warrant a finding in favor of plaintiff, if he was authorized by law to perform the services rendered and charge for same.

Plaintiff admitted at the trial that his demand was for services rendered in the treatment of ailments and diseases of the human body; that he had no license as a physician or surgeon which authorized him to render the services sued for. He testified as follows:

"Q. What profession or line are you following? A. Well, sir, I am covering the field as a practitioner of drugless healing and take the general field of diatetics, scientific food, the adjustment of the spine and a correspondence course in osteopathy in Cincinnati, two years in the practice and study of medicine 28 years ago. It is what is called mechano-therapy.

"Q. You have also stated you are practicing what is known as the chiropractic method? A. Yes, except the medicine: I use food and scientific work."

The Springfield Court of Appeals, in an able and exhaustive opinion by Judge FARRINGTON, concurred in by all the judges of that court, held that plaintiff, without

a license to practice, could not recover, under the cir-
cumstances aforesaid, and reversed the case. The cause
was transferred here on account of the conflict between
the above opinion and that in Smythe v. Hanson, 61 Mo.
App. 285, decided by the St. Louis Court of Appeals.
Upon a careful consideration of the questions presented,
we are of the opinion that the decision of the Spring-
field Court of Appeals, which is reported in full in 198
S. W. 432 and following, properly declares the law of
the case, and is hereby adopted as the opinion of this
court.

In 8 Elliott on Contracts (1913-1918 Supplement),
pages 126 et seq., sections 646 and following, Judge
FARRINGTON's opinion supra, is strongly approved, and
a number of recent decisions from other jurisdictions
are cited in support of same.

The judgment of the circuit court is accordingly
reversed. *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY,
C., is hereby adopted as the opinion of the court. All of
the judges concur.