OTTO MARKER, Respondent, v. M. W. CLEVELAND, Administrator of the Estate of MELVINA W. ALLISON, deceased, Appellant.

Springfield Court of Appeals, May 10, 1923.

LICENSES: One Assisting in Care of Sick Person Held to Have Right of Recovery, Although not a Licensed Nurse or Attendant: Practice:" "Engage." Under Laws 1921, p. 527, amending Revised Statutes 1919, section 9160, prohibiting any one from practicing as a nurse for hire or engaging in the care of the sick as an attendant unless licensed, in view of the fact that section 9162 as amended a certificate of facts regarding an attendant's experience and qualifications to practice as an attendant, and section 9166, as amended, refers to any nurse or attendant without a certificate, a person who cared for the farm and stock of a sick person could recover for services in caring for such person, although he was unlicensed as a nurse or attendant, since the statute refers to the professional practice of nursing, and the word "practice" means frequently repeated or customary action, habitual performance, a succession of acts of similar kind, habit, custom, application of science to the wants of men, the exercise of any profession, professional business, as the practice of law or medicine, and "engage" means to embark in a business; the two words as used being synonymous.

Appeal from Circuit Court of St. Clair County.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*L. E. Crook* and *Hargus & Johnson* for appellant.

(1) The plaintiff was not entitled to recover for nursing and defendant's demurrer should have been sustained. Laws of Missouri, 1921, sec. 1960, p. 527; 13 C. J., sec. 353, p. 423; 25 Cyc., p. 633; 6 C. J. 286; Taliaferro v. Moffertt, 54 Ga. 150; Deaton v. Lawson, 82 Pac. 879; 21 Ruling Case Law, p. 417, sec. 59. (2) Before plaintiff could nurse for hire he must have procured a license from the State Board of Nurse Examiners or obtained a certificate in advance from, and signed by a

licensed and practicing physician. Laws of Missouri, 1921, secs. 9161 and 9162; 21 Ruling Case Law, pp. 417, 418, sec. 59; Puckett v. Alexander, 102 N. C. 95. (3) The verdict should also be responsive to the pleadings and evidence. Dailey v. Columbia, 122 Mo. App. 21; Parker's Administrator v. Moore, 29 Mo. 218; Coleman v. Hicks, 158 Mo. 367; Fenwick v. Logan, 1 Mo. 401. (4) The instruction given by the court at the request of plaintiff are broader than the pleadings and evidence and should not have been given. Mansur v. Botts, 80 Mo. 658; Schurmacher v. The Breweries Co., 152 S. W. 18.

*John A. Gilbreath* and *W. L. P. Burney* for respondent.

(1) Appeal and error, finding in action at law, supported by evidence, will be affirmed. Where the finding of the trial court in an action at law is sustained by substantial testimony, and no adverse ruling in the admission or rejection of evidence is complained of, it is the duty of the Supreme Court to affirm. Black v. Howerton, — Mo. —, 237 S. W. 471; Davis v. Alexander, — Mo. —, —— S. W. 570; Roloson v. Riggs, 274 Mo. 522, 203 S. W. 875; Bingham v. Edmonds et al., — Mo. —, 210 S. W. 885; Franke v. Franke, — Mo. —, 213 S. W. 41; Cowan v. Young, — Mo. —, 220 S. W. 872; Mooneyham v. Mynatt et al., — Mo. —, 222 S. W. 451; Crews v. Maupin, — Mo. —, 226 S. W. 953; Martin v. Hays, — Mo. —, 228 S. W. 774. (2) An appeal on questions of fact must be resolved in favor of the court's finding if supported by substantial evidence and, in determining whether there is such evidence, all reasonable inferences are in its favor. Ideal Pump & Mfg. Co. v. American Central Ins. Co., 152 S. W. 408, 167 Mo. App. 566 and authorities therein cited. (3) Although the instructions given may not be wholly free from criticism, yet, if the verdict is manifestly for the right party, the judgment will not be reversed. Peter-

son v. Transit Co., 199 Mo. 321, 97 S. W. 860; Morns v. Railway, 184 Mo. App. 106, 186 S. W. 323; Perry v. Van Matre, 176 Mo. App. 100, 161 S. W. 643; State to use v. Laundry Co., 196 Mo. App. 627, 190 S. W. 951; Sellinger v. Cromer, 208 S. W. 871; Briscoe v. Railway, 208 S. W. 885. Nor will an erroneous instruction, where the verdict is for the right party, cause a reversal. State ex rel. v. Stone, 111 Mo. App. 364, 85 S. W. 950; Nagle v. Railway, 169 Mo. App. 284, 152 S. W. 621; Perry v. Van Matre, 176 Mo. App. 100, 161 S. W. 643. (4) Errors not affecting substantial rights will not authorize a reversal. Cass v. Ins. Co., 188 Mo. 1, 86 S. W. 237; Hamilton v. Crow, 175 Mo. 634, 75 S. W. 389; Kansas City v. Block, 175 Mo. 433, 74 S. W. 993; Walker v. Railway, 193 Mo. 475, 92 S. W. 83; Hunter v. Bank, 158 Mo. 262, 58 S. W. 1053; Hones v. Railway, 245 Mo. 621, 147 S. W. 1059; Wilson v. Railway, 169 Mo. App. 405, 152 S. W. 426; McManama v. Railway, 175 Mo. App. 43, 158 S. W. 442; Lester v. Patterson, 200 S. W. 439; Inman v. Keil, 206 S. W. 403; Doherty v. Doherty, 155 Mo. App. 481, 134 S. W. 1112.

BRADLEY, J.—Plaintiff filed in the probate court the following demand against the estate of Melvina W. Allison:

The Estate of Melvina W. Allison, deceased,
                To Otto Marker, Dr.

1921

Aug. 16 to 26th Sept. 42 days at $5 per day
    (Nursing and managing place.) ......  $210.00
17 Sept. Paid Sexton ....................   12.50
Gave the Minister ......................    10.00
Fumigating Material ....................     1.80

Amount due ...........................  $234.30
Credit by cash by Melvina W. Allison prior
    to her death, sum of ...............   $19.00

Balance due ..........................  $215.30

The cause was appealed to the circuit court, and there tried before the court and a jury. Plaintiff obtained judgment for the full amount of his demand and defendant administrator appealed.

We will refer to the parties as plaintiff and defendant. The controversy waged around the question of right under the law to charge for the services plaintiff rendered in the nature of nursing. A counterclaim was filed based upon the fact that some of plaintiff's property had been in Mrs. Allison's home since the death of plaintiff's mother, sister of deceased, some eight years prior. The jury found against the counterclaim, and no complaint was made of that finding.

Melvina W. Allison was an old and childless woman who lived alone upon her farm. On August 14, 1921, she was found by neighbors lying upon the floor stricken with almost total paralysis. The neighbors who came when her condition was discovered could think of no plan by which the proper attention could be given. They advised with Mrs. Allison, and she directed that a telegram be sent to her nephew, Otto Marker, at Black Rock, Ark. In response to the telegram plaintiff came, and Mrs. Allison told him she wanted him "to care for her stuff, and care for her." Under these directions plaintiff remained. Mrs. Allison died on September 17th, but plaintiff remained ten days longer looking after things in general and assisting in cleaning, scrubbing, etc. Plaintiff's counsel in their statement summarize generally the character of services rendered by plaintiff, which is in substance as follows: That on foot he traveled and searched for help; cared for and watered horses, cattle, hogs and chickens. He drove stock to water twice each day, opening and closing gates; kept up fences, and recovered such stock as got out of pastures. He gathered eggs and marketed them; did errands and purchased and carried groceries for the household. He assisted in feeding his aunt, sat up with her at night; assisted in turning her in bed; assisted in changing her bedding several times each day; assisted in placing pads; assisted in

dressing sores; burned soiled pads and clothes; assisted in applying disinfectants to sloughing flesh; assisted in washing and dressing the dead body; arranged for the funeral; paid the sexton; paid the minister, and returned from the funeral and continued to look after the property of deceased, cleaning, scrubbing and fumigating the house and furniture until an administrator was appointed.

The record discloses that the care of Mrs. Allison was a severe task. The burden of this task fell upon plaintiff and Mrs. Cauthon, a niece of deceased. Other relatives, including defendant administrator, who is a brother of deceased, came when they could but plaintiff and Mrs. Cauthon, who came a week after deceased was stricken, remained all the time.

The instructions covered the issues raised. The only challenge in defendant's brief pertaining to the instructions is that they are broader than the pleadings and evidence. This challenge is not well grounded. The instructions fairly submitted the issues to the jury. Defendant contends that plaintiff cannot recover for *nursing*, and that his demurrer should have been sustained. It is admitted that plaintiff was not a nurse; that he had no license or certificate as provided in section 9160, Laws 1921, p. 527. Able briefs have been filed by counsel on the theory that the services rendered in the nature of nursing cannot be the subject of a charge against the estate. Defendant relies on section 9160, mentioned, supra. Therein it is provided:

"No person shall practice as a nurse for hire or engage in the care of the sick as an attendant for hire unless licensed by the board as hereinafter provided; except that no provision hereof shall be construed to prohibit gratuitous nursing or care for the sick by friends or members of the family or to prohibit nursing or care of the sick for hire when done in connection with the practice of the religious tenets of any church by adherents thereof, or attendants in the eleemasynary institutions of this State and of cities in this State now or hereafter hav-

ing a population of 200,000 inhabitants or more, and except further that in event of a public emergency pronounced by the state board of health to exist in the State at large or any part thereof unlicensed persons shall be permitted to nurse or care for the sick for hire during the continuance thereof. A person violating this act shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars for each offense.''

What plaintiff did in the nature of *nursing* was a mere incident of his employment. He rendered this service, not in the capacity of a professional nurse or professional attendant. Plaintiff did not come within any of the exceptions in sections 9160, 9162, or any other provision of the act. The act prohibits the *practice of nursing* or the *engaging as an attendant* in the care of the sick for hire, except as therein provided. Webster defines *practice* as: ''Frequently repeated or customary action; habitual performance; a succession of acts of similar kind; usage; habit; custom . . . application of science to the wants of men; the exercise of any profession; professional business; as the practice of medicine or law.'' Among the many definitions given by Webster for *engage* is this one: ''To embark in a business.'' The words *practice* and *engage* as used in the act are synonymous. That these words are used as synonymous in section 9160 is definitely shown in section 9162, Laws 1921, p. 529. There the licensing of an attendant is provided for, and the requirements given. Among these requirements is one giving the procedure for the registration of an attendant prior to January 1, 1922. Among other things required is a certificate of facts regarding the applicant's experience and qualifications *to practice* as an attendant. The same idea again recurs in section 9168 where reference is made to any nurse or attendant *practicing* without a certificate, etc. The intention evidently was to prohibit nursing for hire as a *profession* or as a *business* except by those complying with the statutory provisions. There was no

claim that plaintiff rendered the services in the nature of nursing as a professional nurse or professional attendant. In an emergency of the gravest kind he performed some services in the nature of nursing. He did not claim to be a professional nurse or a professional attendant. He was neither.

In all the cases which we have found where convictions for crime have been had for treating the sick, or other similar cases, dispensing medicines without a license, or where recovery for such services have been denied, have been cases where the accused or claimant was *practicing* the profession without having complied with the statute. [Examples—See State v. Smith, 233 Mo. 242, 135 S. W. 465, 33 L. R. A. (N. S.) 179; O'Bannon v. Widdick, — Mo. App. —, 198 S. W. 432, 281 Mo. 478, 220 S. W. 853.] It is clear to us that the services rendered by plaintiff in the nature of nursing were not rendered while *practicing* as a nurse, or while *engaging* in the care of the sick as an attendant; but were rendered in connection with other burdensome labor, and that he can recover for such services as well as the others.

The judgment was for the right party and should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.