DANIEL PRINCE, Appellant, v. EIGHTH STREET BAPTIST CHURCH, Respondent.

St. Louis Court of Appeals, January 19, 1886.

ORDINANCES—MISDEMEANORS—LICENSES.—An ordinance making it a misdemeanor for any one to transact business as a house and real estate agent without a license therefor, will not prevent the enforcement of a contract between an unlicensed agent and a vendor which has been executed by the former.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Reversed and remanded.*

J. B. WOODWARD, for the appellant: The fact that the plaintiff had no license as a real estate agent is a question between him and the city, and not between him and the defendant. *Prietto v. Lewis*, 11 Mo. App. 601.

KLEIN & FISSE, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff claims five hundred dollars damages for breach of contract. His petition contains two counts. The first count states a contract, whereby the defendant agreed to pay the plaintiff a commission of two and a half per cent on the sum of $20,000, if the plaintiff would find a

purchaser for the defendant's real estate at that figure, alleges performance of the contract on the plaintiff's part, and prays judgment for the amount agreed upon. The second count is on a *quantum meruit*, for labor and services performed at the defendant's request, states their reasonable value at five hundred dollars, and prays judgment.

The defendant answers by a general denial, and pleads specially an ordinance of the city of St. Louis, which among other things provides that "every person or firm composed of one or more persons, who shall act as agent for any party in the leasing, renting, or selling of houses or real estate at private or public sale, shall be considered a house and real estate agent."

And also that "every person or firm composed of one or more persons, engaged in the business defined, shall pay an annual license of one hundred dollars, which shall be payable before any such person or firm shall be permitted to transact any business, and if such person or persons shall fail to pay said license, then he, or they, shall be deemed guilty of a misdemeanor ; and upon conviction thereof shall be fined not less than one hundred nor more than two hundred dollars.

The defendant's answer avers that the plaintiff has never paid this license fee, and that his acts in performing the alleged contract were illegal and void, which fact is pleaded in bar of the recovery.

The plaintiff demurred to this special defence, and upon his demurrer being overruled declined to plead any further, and judgment was rendered against him.

The trial court was evidently of opinion, that as the contract contemplated an agency in the sale of real estate, and as the plaintiff had admittedly failed to comply with the terms of the ordinance, authorizing him to act as real estate agent in this city, the contract was illegal and void. This was error.

While the cases of *Prietto v. Lewis* (11 Mo. App. 601) ; *Howell v. Stewart* (54 Mo. 400), and *Chadwick v. Collins* (26 Pa. St. 138), relied on by the appellant, are not

directly in point, they all recognize the distinction, which was wholly overlooked by the trial court, between a contract prohibited by law, and one made by parties exercising a calling which is prohibited unless licensed, or one made in furtherance of an illegal business. See, also, *Michael v. Bacon* (49 Mo. 474).

The license creates a contract between the city and the licensee, and is essential to enable him to maintain his right to exercise his calling as against the corporation. It is essentially a question between the corporation and the licensee, with which third persons have nothing to do.

The prohibition in the law touching merchants' licenses is fully as stringent ; it declares that : "No person, or co-partnership of persons, shall deal as a merchant without a license first obtained according to law, and every person so offending shall forfeit to the state not less than fifty dollars, nor more than five thousand dollars for every such offence, to be recovered by indictment." Rev. Stat., sect. 6314.

Yet can it be contended that any one could purchase on credit the wares of a merchant, and then refuse to pay for them on the sole ground that the merchant was not licensed to sell ? This very question was very pertinently put, *arguendo*, in the opinion in *Prietto v. Lewis*, *supra*.

What difference is there in principle between obtaining the goods in one case, and the services in another, which would require a party to pay for the goods yet enable him to take the benefit of the services without payment ? We see none.

The judgment is reversed, and the cause remanded. All the judges concur.