Harwood v. Triplett.

---

A. P. HARWOOD *et al.*, Respondents, v. JOHN TRIPLETT,. Appellant.

### St. Louis Court of Appeals, February 19, 1889.

**Agent**: COMMISSIONS. The plaintiff, a real estate agent, authorized to sell the defendant's land for nine hundred dollars in cash and one thousand dollars payable in one year, is not entitled to commissions upon a sale for one hundred dollars in cash, eight hundred dollars in thirty days and one thousand dollars in one year, which is repudiated by the defendant.

*Appeal from the Greene Circuit Court.*—HON. JAMES J. GIDEON, Judge.

REVERSED.

*Benjamin U. Massey* for the appellant.

An agent, authorized to sell property of his principal upon specified terms, is not entitled to a commission for selling or presenting a purchaser willing to take the property upon terms other than those specified, or upon terms not authorized or approved by the principal. Story on Ag. [5 Ed.] secs. 21, 62, 76; *Pierce v. Powell*, 57 Ill. 323; *Hoyt v. Shepherd*, 70 Ill. 309; *Ward v. Lawrence,* 79 Ill. 295. The terms of the sale made by the plaintiff to Isabell H. Scott, as stated in their letter of March 3, 1887, are not the terms stated in their letter of February 28, 1887, which defendant authorized and approved. *Coleman v. Garregues*, 18 Barbour, 66.

*Wolf & Bowden*, for the respondents.

Respondents insist, while admitting the sale not to be in strict literal obedience to said letter of authority, that it was in substantial compliance with the same, and entitles them to commission upon the sale. Of course, in making the sale reasonable time must be given to get up an abstract of title and procure a deed from Triplett to the land. The proof shows that plaintiff in error was, at the time the sale was negotiated, in Brazil, Indiana, four or five hundred miles from Springfield, and that his wife was, or was supposed by respondents to be, at Savannah, in Andrew county, Missouri, several hundred miles distant from her husband, and also quite a distance from Springfield, Missouri, where the trade was negotiated and the land situated. In view of these facts, respondents insist that even if thirty days, the extreme limit of time mentioned in the contract, had been insisted upon, it would not have been unreasonable. It is a familiar principle of the law of agency that the agent possesses all the power necessary and proper to a due execution and transaction of the business of the principal, and this necessarily implies a discretion, more or less, enlarged and extended by the nature, character and circumstances of the matters concerning which he is authorized to act. Unless he abuses these powers and discretion, his principal is bound by his acts, and the transactions are valid and binding as between principal and agent. Bish. Cont. [Enlarged Ed.] chap. 14, secs. 365, 374, pp. 142, 143, 144, 145. Also secs. 1060, *et seq.*, chap. 40, pp. 421, 422, 423, 424, bottom paging; Story on Ag. [6 Benn. Ed.] chap. 6, bottom paging, pp. 65, 71, secs. 58, 62. Same, secs. 73, 74, 75, 76, 77, pp. 70, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs as defendant's brokers, sold certain real estate of the defendant, in the city of Springfield. The defendant refused to recognize the sale, and sold the property himself to parties other than the purchasers procured by the defendant. The plaintiffs thereupon instituted this suit, for the recovery of their commissions, and upon trial, recovered judgment against the defendant, for their reasonable commissions.

The only point made by the defendant upon this appeal, is that the sale made by the plaintiffs was without his authority, and hence they are entitled to no commissions.

There is no conflict in the evidence. The plaintiffs were residents of Springfield, Missouri, and the defendant a resident of Brazil, Indiana, about four hundred and seventy-five miles distant. The entire transaction is evidenced by the following correspondence between the parties, the letters being received by them respectively in due course of mail :

" SPRINGFIELD, GREENE Co., Mo., Feb'y 28, 1887.

" *John Triplett, Esq.,—Dear Sir :*—" I can now sell your one hundred feet Boonville street ground, for nineteen hundred dollars, nine hundred dollars cash, and one thousand dollars on or before one year, secured by deed of trust, at ten per cent. interest. Please let me know at once what to do. The party will do as per your last letters to me—pay the last taxes and expenses of deed of trust.

" Yours truly,

" J. H. BOUSLOG."

" BRAZIL, IND., March 2, 1887.

" *Harwood & Bouslog, Esq.—Dear Sirs :*—Received yours of the twenty-eighth of February just past and contents noted. Will sell Boonville street property on

conditions as per letter stated.   I have the abstract up to the time of my buying the property, which I will send with the deed, showing the title good.   Your per cent., I believe, for selling and collecting is five per cent. up to one thousand dollars, then two and one-half per cent. on up.   I believe it is all understood rightly.

" Respectfully,

" JOHN TRIPLETT."

" SPRINGFIELD, GREENE Co., Mo., March 3, 1887.

"*John   Triplett,   Esq.*, — *Dear   Sir :* — " Yours received, and I closed up by the purchaser, Isabell H. Scott, paying one hundred dollars to bind the bargain and the balance to be paid in thirty days.   Send me the deed and I will take note and deed of trust for the one thousand dollars, and have the deed of trust recorded and send it and the money to you.   Yes, you are right about the commission.   Make deed subject to the taxes of 1886 and 1887, or if you will send me your wife's name — and I believe the lots are numbered 29 and 30, Ozark Land Company's Addition,—I will make out and send you the deed on the Missouri form.

" Yours truly,

" HARWOOD & BOUSLOG."

" BRAZIL, IND., March 6, 1887.

"*Harwood & Bouslog, Springfield, Mo.*

" GENTLEMEN :—On February the twenty-eighth you wrote me that you ' could sell the lots for nineteen hundred dollars ; nine hundred dollars cash, and one thousand dollars in one year at ten per cent.'   I wrote you that you could sell on the above terms.   On the third instant you wrote that you closed a trade at nineteen hundred dollars ; cash one hundred dollars, eight hundred dollars due in thirty days, and the one thousand dollars secured by deed of trust.   The last proposition does not suit me, and it is not the trade I authorized you to make, and if I am to wait thirty

days for the first payment, I will not close the trade until that time, and if in the meantime I am not offered more than nineteen hundred dollars, then may close it at the above figures, but do not feel disposed to trade on the terms suggested, and you may therefore consider the trade off for the present, and should I conclude to accept the trade in the thirty days, when your purchaser gets the money, will advise you.

"Yours respectfully,

"JOHN TRIPLETT."

"BRAZIL, IND., March 9, 1887.

"*Harwood & Bouslog, Springfield, Mo.*

"GENTLEMEN:—Since last writing you declining your proposition on account of your wanting thirty days time, I have received two offers from different persons one for two thousand and fifty dollars, and the other for two thousand dollars, I have not as yet accepted either. I, therefore, will have to hear from you again. As it now stands could not accept the proposition without your party could do as well at least as others are offering.

"Yours, etc.

"JOHN TRIPLETT."

John W. Lisenby, another real estate agent in Springfield testified on behalf of the plaintiff, that he was also acting as defendant's agent, and that on or about March 4, 1887, he advised the defendant that he had an offer of two thousand and fifty dollars for the property, which he communicated to the defendant, and which the defendant accepted, on or about March 10, inclosing deeds.

There was evidence tending to show that the purchasers obtained by plaintiffs were ready and willing to consummate the contract, as per terms contained in plaintiff's letter of March 3, but there was no evidence that he paid or tendered the eight hundred dollars, additional cash before the sale made by the defendant.

Nor was there any evidence that plaintiffs ever replied to defendant's two last letters, or that purchaser procured by them was willing to take the property at two thousand and fifty dollars.

The theory on which the judgment is sought to be upheld, it that there was no substantial difference between the terms of sale authorized by the defendant, and the sale consummated by plaintiffs. That the grant of a delay of thirty days for the payment of the additional eight hundred dollars cash, was within the implied discretionary powers of the agents, considering the facts that the defendant was a non-resident, living at a great distance, from the place of sale, and that some time would necessarily have to intervene before the title could be examined and the necessary instruments of conveyance could be prepared.

The court in rendering judgment took the above view, which we think was erroneous. The plaintiffs were not the general agents of defendant, but his special agents for a specific purpose, under written instructions, limiting their authority. If they exceeded their authority and defendant did not ratify the contract made by them, the defendant was not bound, and they were entitled to no compensation. *Hoyt v. Sheppard,* 70 Ill. 309; *Coleman v. Garrigues,* 18 Barb., p. 60. All that the defendant says in his letter of March 2, is that he will sell the property on condition as per letter stated, which was nine hundred dollars cash and one thousand dollars on or before one year. When advised that the plaintiffs sold for one hundred dollars, cash, eight hundred dollars within thirty days and one hundred dollars in one year, he at once advised them that it is not the trade he authorized them to make, and that they may consider the trade off for the present. To this letter the plaintiffs did not even reply. It is not for us to consider whether the contract which plaintiffs made is or is not substantially as advantageous to the

Harwood v. Triplett.

defendant as the contract which they were authorized to make, it suffices that it is not the same contract. That it is not the same contract, clearly appears from the uncontroverted evidence. We may add that although, under the views taken by the trial court of the transaction the court ruled out the two last letters written by the defendant as irrelevant, yet, the plaintiff's position would not be materially altered, if these letters were entirely out of the case. Upon their own showing the plaintiffs cannot recover. They made a contract different from the one they were authorized to make. No question of estoppel can arise in their favor, since they assumed to act without the defendant's authority, and nothing, which the defendant did thereafter, induced them to change their position. No question of ratification by silence can arise, since it appears by their own evidence, that the defendant disaffirmed the contract made by them, by selling within a few days thereafter to a different party.

As under the conceded facts plaintiffs have shown no right of recovery, and as the testimony upon a retrial would necessarily be the same, the cause will not be remanded. All the judges concurring, the judgment is reversed.