EDWARD W. FRITSCHLE, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed March 7, 1922.

1. BROKERS: Insurance Brokers: Commissions: Right to Compensation Depends on Performance of Contract. The right of an insurance broker to compensation depends on a performance of the stipulations and conditions of the contract of agency; and the broker must act strictly according to the authority conferred on him by the principal, unless a strict performance of the conditions of the contract is waived or is prevented by the principal without any fault on the part of the broker.

2. ———: ———: ———: Agent's Contract: Construction. By the terms of an insurance broker's contract he was entitled to receive a commission on personal fidelity and surety business that he brought into the office of the defendant company, but was not entitled to any overriding commission on any of such business brought into the office by sub-agents or brokers. He was the first to inform the defendant company that a certain surety bond was wanted, but was not able to procure the writing of the bond. and the defendant finally wrote the bond through another broker, *held* that he was not entitled to a commission on such business.

3. ———: ———: ———: Agent Without License: Right to Commission not Affected. The fact that an agent was without a license to act as an insurance broker would not affect his right to claim a commission by writing a surety bond, as the matter of license was exclusively between the State and the agent.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm,* Judge.

REVERSED.

*John T. Sluggett, Jr.,* for appellant.

(1) Under the terms of the contract of employment, respondent was not entitled to recover under the evidence. The polar star for the construction of instru-

209 M. A.—22

ments is that the intention of the party executing the document shall not be gathered from a remote or one apparent pertinent provision thereof alone, but on the contrary is to be gleaned from all that appears within the four corners of the instrument. Gibson v. Bogy, 28 Mo. 478; Williamson v. Brown, 195 Mo. 313. (2) Respondent did not fulfill or perform his part of the employment contract. A broker is not entitled to compensation until he has performed the undertaking assumed by him. The right to compensation depends on performance of the stipulations and conditions of the contract of agency and it matters not how great have been his efforts nor how meritorious his services, if he is unsuccessful in accomplishing the object of his employment, he is not entitled to compensation. 9 Corpus Juris, page 588; Jennings v. Overholt, 186 Mo. App. 505. (3) An insurance broker is one who acts as middleman between the insured and the insurer; one who solicits contracts from the public under no employment from any special company but having secured an order, places the insurance with the company selected by the insured or in the absence of any selection by him, then with the company selected by such broker. While Watling was an insurance broker, he had no authority to represent the Heman Construction Company and never secured authority from them to place an order in their behalf with appellant. 9 Corpus Juris, page 509. (4) Even if Watling had secured an order (and he admits he did not secure an order) from Heman Construction Company, respondent would not be entitled to a commission. Brokerage business as known to insurance, is business brought to agents by outsiders who share in the agent's commission. Weidenar v. New York Life Ins. Co., 36 Mont. 592, 94, p. 1. (5) The evidence in this case is not sufficient to support the verdict. (6) The court submitted the case to the jury on the wrong theory and did not confine the jury to the contract on which the suit was brought. (7) The trial court should

have sustained appellant's motion for a continuance and should have continued the trial of the cause until the next term of court. An application for a continuance of a cause address itself to the discretion of the trial court; but such discretion is judicial and subject to review on appeal. Alt v. Grosclose, 61 Mo. App. 409.

*Paul V. Janis* for respondent.

(1) On the record alone the decision should be affirmed. (2) The contract was by letter prepared and written by appellant at its home office. The wording of it should be construed most strongly against appellant, who chose the words. Belch v. Schott, 171 Mo. App. 357; McManus v. Gregory, 16 Mo. App. 375; 13 Corpus Juris, pp. 545, 546. (3) Where an agent discloses the name of a purchaser or finds a purchaser, the principal part of his service is performed, and he may not be deprived of his commission by his principal concluding the sale. Respondent found the purchaser and was negotiating with him through Watling when appellant went behind his back and sold the bond. Tyler v. Parr, 52 Mo. 249; Lane v. Cunningham, 171 Mo. App. 17; May v. Avansino, 185 S. W. 1178; Real Estate Company v. Epstein, 157 Mo. App. 106; 107. (4) Respondent was authorized to deal through Watling. There was nothing in the letter to prevent him from getting business through any possible source. Appellant's manager met Watling and knew respondent was dealing through him. Harris v. Foerster, 200 S. W. 118; Bass v. Jacobs, 63 Mo. App. 397; Bray v. Riggs, 110 Mo. App. 630. (5) Respondent's instructions are correct and should have been given. Tyler v. Parr, 52 Mo., 249; Lane v. Cunningham, 171 Mo. App. 17; May v. Avansino, 185 S. W. 1178. Defendant's refused instructions were properly refused. Same authorities; Young v. Vannata, 113 Mo. App. 550.

BIGGS, C.—After a verdict of a jury plaintiff had judgment in the circuit court for the sum of $347.59

based upon a claim for a commission as an insurance agent under a contract of employment with the defendant. Being unsuccessful in obtaining a new trial, defendant appeals.

The defendant company had a branch office in the city of St. Louis. The plaintiff was its general agent in charge of its Casualty business. A Mr. Reach was its general agent in charge of its Fidelity and Surety business. By letter dated March 18, 1916, defendant wrote plaintiff as follows:

"Under the arrangement contemplated in St. Louis it is understood that you are to be general agent and have full charge of all casualty lines.

"That Mr. Reach will allow you twenty-five per cent commission on any personal Fidelity and Surety business you may bring into the office.

"That you will not be allowed any over-riding commission on any Fidelity and Surety business brought into the office by sub-agents or brokers.

"That you will allow Mr. Reach a brokerage commission on any personal Casualty business he may bring you.

"That Mr. Reach will endeavor to develop the company's business, primarily Fidelity and Surety, but incidentally Casualty you, of course, benefiting from any brokerage connection or sub-agency appointment that he may make."

The foregoing letter embodies the contract of employment and plaintiff sues upon that contract, claiming a commission on a surety bond written by the defendant for the Heman Construction Company.

Thereafter and in September, 1916, the plaintiff learned from a Mr. Watling, who was in a similar line of business and connected with the Southern Surety Company and who was also an insurance broker that the Heman Construction Company was in the market for a large bond. The plaintiff requested Watling to procure plans and specifications of the contract to be cov-

ered by the bond and bring them to the plaintiff's office for the purpose of making up data and submitting the matter to the defendant company. This Watling did, and while they were in the office Mr. Reach, the manager of the surety department end of the business, came in and the matter was turned over to him. Reach as such manager thereafter submitted the matter to the home office of the defendant company and several days later received authority by wire to write the bond. Mr. Reach showed the telegram to the plaintiff, who communicated at once the fact to Watling, and it seems saw Watling every few days, and was told by Watling that the writing of the bond was delayed on account of some financial arrangements yet uncompleted.

The plaintiff was not authorized by the Heman Construction Company to represent them in procuring the bond, and he had no direct control over this business, and in fact had no communication direct with the Heman Construction Company. Mr. Watling, who was an insurance broker and represented primarily the Southern Surety Company, solicited the business from the Heman Construction Company, but did not have authority from that company to write the bond. The Southern Surety Company was not acceptable as a bondsman, and thereupon Mr. Watling said to Mr. Heman that he would like to go out and place the business with some other company, and Mr. Heman said "All right, see what you can do." Mr. Watling testified that Heman did not authorize him to place the business or give him control of it. Mr. Watling further testified that he had informed Mr. Heman that the defendant company had authorized the execution of the bond and that Mr. Heman then told him that he had not decided whether he would give the business to the defendant company or not, but that he thought he would have to give it to another Bonding Company.

On November 3, 1916, without the knowledge of the plaintiff or Mr. Watling, defendant company executed

the bond and in doing so allowed a twenty-five per cent commission to one Grant Wyatt, Superintendent of the Heman Company, and who also according to defendant's testimony, was an insurance broker, although not at the time licensed as such. The defendant company rendered to the Heman Company a bill for the full premium, which was paid by check of the Heman Construction Company after deducting twenty-five per cent as a commission, which sum was put by the Heman Construction Company to the credit of profit on the contract in which Grant Wyatt was interested.

Mr. Reach testified that when he called at the office of the Heman Company in the early part of November he was informed by Mr. Heman that the matter of the bond had been placed in the hands of their insurance broker, Mr. Wyatt, and that it would be necessary to make arrangements with Mr. Wyatt.

It appeared from Mr. Heman's testimony that he at no time authorized either Mr. Watling or the plaintiff to write the bond in question or to place the order for the bond with the defendant company, and that while he furnished Mr. Watling with plans and specifications and other data in regard to the contract, he did not authorize Mr. Watling to submit these papers to the defendant company, and that the bond was written by the defendant company through the broker of the Heman Construction Company, Mr. Grant Wyatt, and that Wyatt was the only broker that was authorized to place the order for this bond with the defendant company.

Mr. Wyatt testified that he represented the Heman Construction Company as an insurance broker, and that he was authorized by that company to place the bond, that he negotiated with Mr. Reach, defendant's manager, and placed the order for the bond with him, and that it was thereafter written by the defendant company on his order. Wyatt was superintendent of the Heman Construction Company, and it appeared that he

did not in fact get the commission, but when the bill for commission was rendered the Heman Company it paid it by deducting the twenty-five per cent commission, which it kept and credited to profit on the contract.

As showing plaintiff's theory of a right of recovery under the foregoing facts, the cause was submitted to the jury at plaintiff's request under the following instruction:

"The court instructs the jury that if you find and believe from the evidence that the defendant employed the plaintiff to solicit surety bonds for a commission of twenty-five per cent on the price or premium to be paid for same, and that the plaintiff furnished the defendant with information that the Heman Construction Company required a bond in the sum of one hundred and twenty-two thousand five hundred ($122,500) dollars for the Murphysboro and Southern Electric Railway Company and thereafter, through one Arthur Watling, entered into negotiations with said Heman Construction Company with a view to furnishing said bond for the sum of twelve hundred and twenty-five ($1,225) dollars and that the defendant, the New Amsterdam Casualty Company, furnished and sold said bond to said Heman Construction Company, and if the jury find that the information furnished by the plaintiff and his negotiations through Watling was the procuring cause of the sale of said bond, then your verdict shall be in favor of the plaintiff for the sum of three hundred and six dollars ($306.25) and twenty-five cents, to which sum you may add interest at the rate of six per cent per annum from the date on which plaintiff demanded payment of said sum from defendant, if you find he made a demand, to this date."

The defendant filed demurrers to the evidence at the close of plaintiff's case and also at the close of all the evidence, and here asserts that said demurrers should have been sustained, and that the evidence in the case is insufficient to support a verdict for the plaintiff.

In 9 Corpus Juris, page 587, the rule is stated thus:
"As a general rule a broker is not entitled to compensation until he has performed the udertaking assumed by him (Duncan v. Turner, 171 Mo. App. 661); and in the absence of any contrary provision in his contract, it matters not' how great have been his efforts nor how meritorious his services; if he is unsucessful in accomplishing the object of his employment he is not entitled to compensation. [Ballentine & Boone v. Mercer, 130 Mo. App. 605.] The right to compensation depends on a performance of the stipulations and conditions of the contract of agency (Jennings v. Overholt, 186 Mo. App. 505; McCormick v. Obanion, 168 Mo. App. 606), and the broker must act strictly according to the authority conferred on him by the principal, unless a strict performance of the conditions of the contract is waived or is prevented by the principal without any fault on the part of the broker. If, for example, a real estate broker accepts an employment which makes his right to compensation depend on procuring either a vendor or purchaser on specified terms, he cannot recover if he does not perform that service." [Good v. Erker, 170 Mo. App. 681; Slayback v. Wetzel, 146 Mo. App. 171; Harwood v. Triplett, 34 Mo. App. 273.]

And in 4 Ruling Case Law, page 303, it is said:
"To entitle a broker to his commissions, he must accomplish what he undertook to do in his contract of employment, for as a rule nothing short of that is sufficient to constitute a performance upon his part. In the absence of hindrance or fraud on the part of his employer he must perform all the conditions of the contract as made with his principal, or he cannot recover. In every case reference must be had to the terms of that particular employment in order to determine whether or not a broker's duties have been performed. If no particular terms are stated therein, the duty of a broker employed to sell is usually performed when through one means or another he has brought his employer and a customer ac-

ceptable to the latter into negotiations with one another and his service in doing so may be said to be the procuring cause of the resulting deal between them.

And in the same volume, page 320, it is said:

"In many cases the question has arisen as to whether there has been a performance of the contract on the broker's part, where the transaction contemplated has been negotiated or closed by the principal himself. The general rule deducible from the decisions upon the question would seem to be that if there is nothing peculiar in the contract of employment it is not necessary that the broker should negotiate the sale when he has found, or procured, or if he has introduced, or given the name of, a purchaser who is able, ready and willing to purchase the property upon the terms named by the principal, and the principal has entered into negotiations with such purchaser and concluded a sale with him; and in such case the broker has performed his contract, and is entitled to his commissions . . . . Obviously a broker is not entitled to commissions upon a deal effected by his employer, after his own efforts have proved a failure, etc."

In the present case plaintiff grounds his cause of action upon a special contract, which is clear and unambiguous. By the terms of that contract he is entitled to receive a commission on personal Fidelity and Surety business that he may bring into the office of the defendant company, and by terms of the contract he is not entitled to any over-riding commission on any of such business brought into the office by sub-agents or brokers. Manifestly the plaintiff is not entitled to any commissions on business brought to the office by others, but only on such business as he, personally, brings to the defendant company. It was incumbent upon plaintiff, inasmuch as he was employed under a special contract, to show that he complied with the terms thereof and completed his undertaking. This might be accomplished through his own efforts, or through the efforts of his friend Mr. Watling acting for him. This plaintiff failed to do, for

it is conceded that neither the plaintiff nor Mr. Watling were able to procure the bond wanted by the Heman Construction Company. Neither one of them had any authority from Mr. Heman to write the business and while it is true that they were the first ones who informed the defendant company that such a bond was wanted, this alone was not sufficient under the terms of the contract to entitle plaintiff to a commission unless that, with other efforts on his part, resulted in the business for the defendant company.

However it is argued by plaintiff's counsel that the act of the defendant company in writing the bond in the early part of November following prevented plaintiff from performing the stipulations of his contract. If there was any evidence in the record of such fact, that would present a theory upon which plaintiff would be entitled to recover; or, if the plaintiff could have performed his part of the contract and was attempting to do so at the time but was prevented by the act of the defendant, this would excuse performance on his part. However the facts in the case conclusively show that neither the plaintiff nor Mr. Watling acting for him could have procured this bond from the Heman Construction Company at any time. If there had been evidence showing that the act of the defendant in writing the bond in November prevented the plaintiff, through Watling from getting the business, the situation would be different. Plaintiff failed to comply with the terms of his contract in that he failed to bring into the office of the defendant company the business referred to, and he failed to show as an excuse therefor that the defendant by its act had prevented him from getting the business. If the plaintiff is entitled to recover under the circumstances presented by the evidence all he need do is to notify the defendant when he learns that some one is in the market for a bond, that he is negotiating with such a person, and thereby preclude the defendant from writing the business through any other broker or otherwise,

without paying to the plaintiff a commission, although the plaintiff did not succeed in getting the business, or was he at any time authorized to write the business by the customer.

After more than thirty days had elapsed defendant company upon conferring with the Heman Construction Company were informed that the only person who had authority to write the business was Grant Wyatt, and that if the defendant wanted the business it would have to deal through him. It thereupon wrote the bond and paid the customary brokerage commission through Grant Wyatt, but which went according to the evidence, to the benefit of the Heman Construction Company. The fact that Wyatt was without a license to act as an insurance broker, would not affect his right to claim a commission. This was a matter exclusively between the State and Wyatt. [Prince v. Baptist Church, 20 Mo. App. 332; Smythe v. Hansen, 61 Mo. App. 285; Tooler v. Duckworth, 107 Mo. App. 231, 80 S. W. 963.]

We think the court erred in submitting the cause to the jury at all, hence it is unnecessary to consider the propriety of the instructions and other questions presented. Upon the facts of the case we rule that plaintiff is not entitled to a commission, and it is therefore recommended that the judgment be reversed.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.