CHARLES F. BASSEN, WILLIAM TREAT, JOHN
WEBER and JOHN RUOFF, Copartners Doing
Business as HANNIBAL WOOD WORKING COM-
PANY, and E. L. SEIBEL v. SUE M. MONCK-
TON, CHARLES J. MONCKTON, HANNIBAL
MUTUAL BUILDING & LOAN ASSOCIATION,
and THOMAS R. SCHOFIELD, Trustee, Appel-
lants.

Division Two, June 5, 1925.

1. **FICTITIOUS NAME:** Failure to Register a Misdemeanor: Sale of
Goods. A distinction is to be drawn between a contract prohibited
by law and one made by a party engaged in a lawful business under
a name which is prohibited by law unless registered and licensed.
Although the four plaintiffs at the time the contract was made by
which they sold materials used by defendant in constructing a
house were partners doing business in the name of the Hannibal
Wood Working Company and in that name furnished the materials,
and the name was fictitious within the meaning of the statute,
and they at no time registered said name with the Secretary of
State or paid the prescribed registration fee, and it was a mis-
demeanor to do business in a fictitious name without first so
registering the name, the contract was not illegal or void, and de-
fendant cannot be excused from paying for the materials because
of the failure of plaintiffs to comply with those statutes (Secs.
13276 to 13280, R. S. 1919). The contract itself did not involve or
have for its object a violation of the law or contemplate the per-
formance of an unlawful act, but the goods were delivered and
their actual value received for a lawful purpose.

2. ———: ———: Constitutionality of Statute: Right to Do Business.
Natural persons have natural rights of which no statute can de-
prive them, and among these rights is their right to sell lumber and
other materials used in the construction of a dwelling house, and
a statute which would deprive them of that right would be un-
constitutional; but a statute which requires them, when they do
business in a fictitious name, to register such name and pay a
reasonable license and makes their failure to so register a mis-
demeanor, does not deprive them of their natural right to sell
lumber and other like materials, but simply prohibits them from

using the fictitious name without a registration thereof, and is therefore simply a penal statute, which does not restrict their right to contract or to recover the value of the things sold, and is not unconstitutional.

Citations to Headnotes: Headnote 1: Partnership, 30 Cyc. p. 420. Headnote 2: Partnership, 30 Cyc. p. 470.

Appeal from Hannibal Court of Common Pleas.—*Hon. Charles T. Hays*, Judge.

AFFIRMED.

*Schofield & Plowman* for appellants.

(1) The contract, for the work done and materials furnished, was unlawful and illegal, because the name "Hannibal Wood Working Company" under which the partnership conducted all its business, was a fictitious name and the provisions of the statute were not complied with by the partnership prior to entering into the contract with appellants. Art. III, chap. 122, R. S. 1919. (2) An illegal contract cannot be enforced either at law or in equity. Finley v. Williamson, 202 Mo. App. 287; Burgess v. Manchester Investment Co., 186 S. W. 1144. (3) One cannot recover upon any contract made in violation of a criminal statute. Pulitzer Publishing Co. v. McNichols, 170 Mo. App. 722; Downing v. Ringer, 7 Mo. 585; Tri-State Amusement Co. v. Highland Amusement Co., 192 Mo. 401; Rothwell v. Gibson, 121 Mo. App. 279; Curran v. Down, 3 Mo. App. 471; Chasin v. Pliter, 168 Mich. 386; Am. Annot. Cases, 1913C, p. 697; 15 Amer. & Eng. Ency. Law (2 Ed.) 939.

*Berryman Henwood* for respondents.

(1) The statute in question was not intended to nullify, diminish or abridge the common-law right to contract, but merely to operate as a regulation of the exercise thereof. 9 Cyc. 466 to 483; French v. Baptist

Church, 20 Mo. App. 332; Smythe v. Hanson, 61 Mo. App. 287; Tooker v. Duckworth, 107 Mo. App. 231; McConnon & Co. v. Haskins, 180 S. W. 22: O'Bannon v. Widick, 281 Mo. 478; Fritschle v. Casualty Co., 209 Mo. App. 347; Harris v. Runnels, 12 How. (U. S.) 79; Note, Amer. Ann. Cas. 1913C, p. 700; Smith v. Finch, 12 B. C. 186; Gay v. Seibold, 97 N. Y. 476. (2) The statute in question, if intended to invalidate a contract otherwise legal, is an attempt to deprive persons of their property without due process of law and is, therefore, clearly unconstitutional. Sec. 30, Art. II, Mo. Constitution; 3 Words and Phrases, p. 2227; Dartmouth College Case, 4 Wheat. 518; Cooley on Const. Lim. (6 Ed.) p. 431; 2 Story on Const. (5 Ed.) sec. 1950; Tiedeman on Lim. of Police Powers, sec. 178; State ex rel v. Gantt, 274 Mo. 520; State ex rel. v. Kimmel, 256 Mo. 641; State v. Baskowitz, 250 Mo. 100; State v. Railroad, 242 Mo. 358; State ex rel. v. McElhinney, 241 Mo. 606; State v. Distilling Co., 236 Mo. 298; White v. Railroad, 230 Mo. 318; Schwabe v. Moore, 187 Mo. App. 74; St. Louis v. Karr, 85 Mo. App. 614; Ex parte House v. Mayes, 227 Mo. 660; Wooley v. Mears, 226 Mo. 52; State v. Miksicek, 225 Mo. 576; State ex rel. v. Vandiver, 222 Mo. 258; Julian v. Kansas City Star Co., 209 Mo. 107; State ex rel. v. Eby, 170 Mo. 525; Clothing Co. v. Watson, 168 Mo. 146; Henderson v. Koenig, 168 Mo. 374; Hunt v. Searcy, 167 Mo. 179; State ex rel. v. Associated Press, 159 Mo. 456; In re Flukes, 157 Mo. 130; Owen v. Baer, 154 Mo. 470; State v. Smith, 138 Mo. 102; State v. Walsh, 136 Mo. 405; State v. Julow, 129 Mo. 172; State v. Loomis, 115 Mo. 312.

WHITE, J.—In the Hannibal Court of Common Pleas the plaintiffs brought suit to recover $736.77, for materials furnished by them to the defendant Sue M. Monckton, and used by her in constructing a building on her lot in the city of Hannibal. The plaintiffs asked judgment in that amount, and enforcement of mechanic's lien against the lot.

The defendants Sue M. Monckton and her husband, Charles J. Monckton, filed an answer denying the allegations of the petition, and for an affirmative defense alleged that the plaintiffs, Bassen, Treat, Weber and Ruoff, during all the times mentioned in the petition, were partners doing business under the name and style of the Hannibal Wood Working Company, and that the materials furnished, if any, were furnished by the plaintiffs under that name; that the name was not at the time the true name of the said partners, but was a fictitious name within the meaning of Article III, Chapter 122, Revised Statutes 1919; that never, during the time mentioned in plaintiff's' petition, nor within five days after engaging in nor while transacting business under said fictitious name, did the copartners register the said name "Hannibal Wood Working Company" in the office of the Secretary of State; that in furnishing the material without such registration, plaintiffs were guilty of a misdemeanor and therefore the contract by which such materials were furnished was illegal and void.

The plaintiffs in reply denied the allegations of the answer, averred that Article III, Chapter 122, Revised Statutes 1919, was in violation of Section 30, Article II, of the Constitution of Missouri, in that it sought to deprive persons of their property and property rights without due process of law.

For further reply the plaintiffs alleged that at the time of entering the agreement, and at the time said materials were furnished, the defendants knew the names and residence of each and every person interested in the said partnership; knew that said plaintiffs were conducting the partnership business in the name of the Hannibal Wood Working Company, and that the work and material were furnished at the particular request of defendants who, ever since receiving said work, have enjoyed the use and benefit of the same; defendants, therefore, were estopped to deny liability for plaintiffs' claims.

An agreed statement of facts appears in the record, in which it is admitted that the material was furnished, as alleged in the petition; that the plaintiffs, Bassen, Treat, Weber, and Ruoff were partners, doing business under the style of Hannibal Wood Working Company, buying and selling lumber, mill work, and other building material in the city of Hannibal; that the lien was filed within the proper time after the indebtedness had accrued; that the defendant Sue M. Monckton had no property subject to execution except the property upon which the plaintiffs sought to establish their lien, and that the plaintiffs had not filed with the Secretary of State the certificate required by Article III, Chapter 122, Revised Statutes 1919.

The Hannibal Mutual Building & Loan Association and Schofield were made parties because the association held on the property a deed of trust in which Schofield was trustee.

Charles F. Bassen, one of the plaintiffs, testified to transacting the business with Mr. Monckton as the husband and agent of Mrs. Monckton, when he told Monckton who owned the business and what the interests of the plaintiff were in it. The trial court rendered judgment for the plaintiffs, enforcing the lien, and the defendants appealed.

I. Appellants rely upon the effect of Article III, Chapter 122, Revised Statutes 1919, to invalidate the transaction. Section 13276 in that article is as follows:

"Sec. 13276. That every name under which any person shall do or transact business in this State, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this State under a fictitious name without first registering same with the Secretary of State as hereinafter required."

Section 13277 provides that every person engaged in a business under a fictitious name shall, within five days, register such fictitious name in the office of the Sec-

retary of State, together with the names of each person or corporation interested in said business, setting forth the interest of each.

Section 13279 is as follows:

"Sec. 13279. Any person who shall engage in or transact any business in this State under a fictitious name, as in this article defined, without registering such name as herein required, shall be deemed guilty of a misdemeanor."

Section 13280 provides that for the purpose of this article the word "person" shall be construed to include male and female, plural and singular, partnerships, associations, etc.

The appellants plant their case upon a proposition such as this, quoted from Curran v. Downs, 3 Mo. App. l. c. 471: "No court, however, can lend its aid to a person who founds his action on a violation of a positive law." That was a case where the plaintiff sold whiskey to the defendant, with the understanding that the defendant was to deal with it in violation of law, and it was held that the plaintiff could not recover the purchase price.

Appellants cite the case of Publishing Co. v. Nichols, 170 Mo. App. l. c. 722, where this is said: "The general principle of law that one cannot recover for the doing of an act, or upon any contract made, in violation of a criminal statute, is well settled. The principle is, that where the act is prohibited or declared unlawful, it is not necessary for the law to declare the act or contract void, but that an unlawful act, or a contract to do an unlawful act, is necessarily void." That was a case where the plaintiff, Pulitzer Publishing Company, printed an advertisement for the defendant on Sunday, contrary to the statute which prohibited labor, excepting work of necessity, on Sunday. It was held that the plaintiff could not recover on the contract for advertising.

An early leading case, Downing v. Ringer, 7 Mo. 585, is cited by the appellant in support of its position. In

that case the plaintiff sued defendant for the price of a town lot sold to defendant before the filing of a plat of the addition in which the lot was situated, contrary to the statute which made it a misdemeanor to sell a lot in such an addition before the filing of such plat. The court held that the plaintiff could not recover.

The plaintiffs also cite the case of Tri-State Amusement Co. v. Forest Park Amusement Co., 192 Mo. 404. In that case the plaintiff, a foreign corporation, brought suit on a contract without complying with the statute requiring such a corporation to procure a license to pay an incorporation tax, before it is authorized to do business in this State. All these rulings follow the same principle. It is thus expressed in Corpus Juris (13 C. J. p. 411): "As a general rule, all contracts or agreements, which involve or have for their objection a violation of law are illegal."

Can it be said that the transaction in this case had for its object the violation of a law? Other authorities in this State distinguish transactions like the one under consideration here from contracts which contemplate the violation of the law in their performance.

In Prince v. Eighth Street Baptist Church, 20 Mo. App. 332, the plaintiff sued for a commission for selling the defendant's real estate. The plaintiff pleaded an ordinance of the city of St. Louis, requiring a person engaging in the real estate business to pay an annual license fee of one hundred dollars, and providing that he would be guilty of a misdemeanor in transacting such business without paying it. The court held that the plaintiff could recover for the services rendered, notwithstanding the ordinance. Judge ROMBAUER, who wrote the opinion, after mentioning several cases cited by the appellant, said (l. c. 334): "They all recognized the distinction, which was wholly overlooked by the trial court, between a contract prohibited by law, and one made by the parties exercising a calling which is prohibited unless licensed. . . . Yet, can it be contended

that anyone could purchase on credit the wares of a merchant, and then refuse to pay for them on the sole ground that the merchant was not licensed to sell? . . . What difference is there in principle between obtaining the goods in the one case, and the services in another, which would require a party to pay for the goods and yet enable him to take the benefit of the services without payment? We see none.''

The case of Fritschle v. Casualty Company, 209 Mo. App. 337, was one in which the St. Louis Court of Appeals had under consideration the matter of a broker's commission under contract of employment with the defendant. The court held that the plaintiff was not entitled to recover on other grounds than his lacking of license, and said this (1. c. 347): ''The fact that Wyatt was without a license to act as an insurance broker, would not affect his right to claim a commission. This matter was exclusively between the State and Wyatt''— citing the Prince case, and other cases.

Smythe v. Henson, 61 Mo. App. 285, was a suit for medical services by a physician. The defense was that certain sections of the statute require a practitioner of medicine to have a certificate from the State Board of Health, and provide that anyone who should practise without such certificate should be guilty of misdemeanor. The plaintiff had been a practising physician in Missouri and other states for eleven years before rendering the services, and the court held he could recover although he had not procured such certificate.

The case of O'Bannon v. Widick, 198 S. W. 432, is cited by the appellant. That was a suit where a Mechano-Therapist sued for professional services rendered by him. The plaintiff had no legal certificate to treat the sick, such as is required by certain sections of the statute, and on his own testimony, as stated by the court, was clearly guilty of a violation of the criminal law. It was held by the Court of Appeals that he could not recover for such services. The court thus distinguishes the Smythe case (1. c. 433): ''In that case the plaintiff

had not complied with Missouri requirements in order to practise, but was shown to be a physician having practised eleven years in a sister state. The plaintiff in our case admittedly was without the qualifications of a physician.''

In United Shoe Machinery Co. v. Ramlose, 231 Mo. 508, this court, in considering the principle that the party is not entitled to recover on a contract made in violation of a statute, said (l. c. 532): ''That rule never applies except in those cases where the maintenance of the suit would necessarily result in the courts giving effect to the void contract, or where the contract is tainted with fraud and immorality.'' And further (l. c. 537) after citing cases: ''From these cases it will be seen that this court has uniformly lent its aid to the protection of the rights of parties growing out of illegal and void contracts, wherever it could do so without giving force and effect to the illegal contract itself.''

Thus there is a clear distinction between the two lines of cases quoted. Where a contract contemplates the performance of an unlawful act, as where a person sues for services rendered in the practise of a profession in which such person is not qualified, the contract is void because he rendered no service; his alleged services were not professional. In cases, such as the Downing case, where the regulation in regard to filing a plat before selling a lot in the addition to be platted is for the protection of the public against fraud, the purchaser, who is sued for the purchase price, had received no lot and the seller had paid no purchase price, the entire transaction is void; neither party is hurt.

In the other line of cases, such as the Smythe case, actual value was delivered and received for a lawful purpose, contrary to a regulatory penal statute; recovery was allowed.

II. The courts will not give a statute construction which would render it unconstitutional, absurd, or unreasonable, when it is susceptible of a constitutional or

reasonable one; nor a construction which will make it an instrument by which to work an injustice. [State ex rel. v. Railroad, 262 Mo. 720; Johnston v. Reagan, 265 Mo. 1. c. 435; Stack v. General Baking Company, 283 Mo. 1. c. 410-411, and cases cited.]

The cases relating to foreign corporations, where they have been forbidden to do business in this State without complying with certain conditions, are not in point. A corporation is an artificial person, and has no natural rights. The Legislature could forbid their doing business, or prohibit their organization. Natural persons have natural rights of which no legislative act can deprive them. The plaintiffs in this case had a natural and constitutional right to sell lumber and to transact the business which they did transact. It is not contended that they violated any law in selling lumber and materials and in performing the labor for defendants. The statute under consideration does not prohibit them from engaging in the business they were engaged in; if it did it would be unconstitutional. [State v. Julow, 129 Mo. 1. c. 173.] Further, the statute does not prohibit them from adopting a fictitious name and trading under it. The statute requires only that they register the fictitious name if they use one. It prohibits them from using it without registration and provides a fine for failure to comply.

Here it is not pretended that defendants did not receive the same value in the material furnished as they would have received if the plaintiffs had registered the name under which they operated. The defendants knew who constituted the Hannibal Wood Working Company, the names and the interests of each of the partners; they had all the information which a compliance with the registration statute could have given them. The principle announced by Judge Rombauer in the Smythe case (61 Mo. App. 1. c. 287-8), we think is correct: "Whatever may be the rule in some states, we must consider it as settled in this State for the present that, where a contract is not prohibited by law, and has been

fully executed by the person rendering the services, he may recover their value from the person who received their benefit, although in rendering the services the person was guilty of a misdemeanor, because he rendered them without a proper certificate or license for doing so."

From the wording and apparent purpose of the statute we hold that it is a penal statute, and that it does not restrict the rights of the plaintiffs to contract and to recover for value rendered.

The judgment accordingly is affirmed. All concur.